UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Holding a Criminal Term

Grand Jury Sworn on May 16, 2011

| | |
|---|---|
| UNITED STATES OF AMERICA | ) CRIMINAL NO. _____ |
| | ) |
| | ) UNDER SEAL |
| v. | ) |
| | ) 21 U.S.C. §§ 959, 960, 963 |
| | ) (Conspiracy to Distribute Five |
| ALFREDO BELTRAN LEYVA, | ) Kilograms or More of Cocaine, |
| also known as "Mochomo," | ) Fifty Grams or More of |
| | ) Methamphetamine, One |
| Defendant. | ) Kilogram or More of Heroin and |
| | ) One Thousand Kilograms or |
| | ) More of Marijuana for |
| | ) Importation into the |
| | ) United States) |
| | ) |
| | ) 21 U.S.C. § 853 |
| | ) 21 U.S.C. § 970 |
| | ) (Criminal Forfeiture) |

INDICTMENT

THE GRAND JURY CHARGES THAT:

COUNT ONE

From in or about January 2000, and continuing thereafter, up to and including the date of the filing of this Indictment, both dates being approximate and inclusive, in the countries of Mexico, the United States, and elsewhere, the defendant, **ALFREDO BELTRAN LEYVA, also known as "Mochomo,"** with others both known and unknown to the Grand Jury, did knowingly, intentionally and willfully conspire to commit offenses against the United States, to wit: (1) to

knowingly and intentionally distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II controlled substance; (2) to knowingly and intentionally distribute 50 grams or more of methamphetamine, a Schedule II controlled substance; (3) to knowingly and intentionally distribute 1 kilogram or more of a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; and (4) to knowing and intentionally distribute 1,000 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I controlled substance, knowing and intending that said controlled substances would be unlawfully imported into the United States from a place outside thereof, in violation of Title 21, United States Code, Sections 959(a) and 960(b)(1)(A), 960(b)(1)(B)(ii), 960(b)(1)(G) and 960(b)(1)(H); all in violation of Title 21, United States Code, Section 963.

> (Conspiracy to distribute 5 kilograms or more of cocaine, 50 grams or more of methamphetamine, 1 kilogram or more of heroin and 1,000 kilograms or more of marijuana for importation into the United States in violation of Title 21, United States Code, Sections 959, 960 and 963)

## **CRIMINAL FORFEITURE ALLEGATION**

The United States hereby gives notice to the defendant that upon conviction of the Title 21 offense alleged in Count One of this Indictment, the government will seek forfeiture in accordance with Title 21, United States Code, Sections 853 and 970, of all property constituting or derived from any proceeds the defendant obtained directly or indirectly as a result of the alleged Title 21 violation, and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense.

Said property includes, but is not limited to:

A sum of money equal to all proceeds the defendant obtained directly or indirectly as a result of the Title 21 offense charged in this indictment, and all property used or intended to be used to facilitate such offense, that is, not less than a sum of money representing the amount of funds involved in the offense, and all interest and proceeds traceable thereto; in that such sum, in aggregate, was received by the defendant in exchange for the distribution of controlled substances or is traceable thereto. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

    (a)    cannot be located upon the exercise of due diligence;

    (b)    has been transferred or sold to, or deposited with, a third person;

    (c)    has been placed beyond the jurisdiction of the Court;

    (d)    has been substantially diminished in value; or

    (e)    has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) to seek forfeiture of any other property of the said defendant up to the value of the above forfeitable property.

    (Criminal Forfeiture, in violation of Title 21, Untied States Code, Sections 853 and 970.)

                                                                                 A True Bill.

_____
Foreperson

_____
Arthur G. Wyatt
Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
Washington, D.C. 20530

By: _____
Andrea Goldbarg
Assistant Deputy Chief
Narcotic and Dangerous Drug Section
Criminal Division
U.S. Department of Justice
1400 New York Avenue, NW
Washington, D.C. 20530
Andrea.Goldbarg@usdoj.gov

4