**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| *v.* | : | |
| | : | **Criminal No. 12-0184(RJL)** |
| **ALFREDO BELTRÁN LEYVA,** | : | |
| | : | |
| *Defendant.* | : | |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S**
**MOTION FOR A COMPLEX CASE DESIGNATION AND**
**TO EXCLUDE TIME UNDER THE SPEEDY TRIAL ACT**

**DEFENDANT ALFREDO BELTRÁN LEYVA** (Beltrán Leyva), by and

through undersigned counsel, respectfully submits this Opposition to Government's Motion for a

Complex Case Designation and to Exclude Time Under the Speedy Trial Act and states as

follows:

**BACKGROUND**

On August 24, 2014, the government filed a one count, single defendant

indictment charging Mr. Beltrán Leyva with Conspiracy to Distribute 5 Kilograms or More of

Cocaine, Fifty Grams or More of Methamphetamine, One Kilogram or More of Heroin and One

Thousand Kilograms or More of Marijuana for Importation into the United States, in violation of

21 U.S.C. §§ 959, 960 and 963.  The indictment also contains a forfeiture allegation.  The

government alleges a conspiracy from in or about January 2000 to the date of the indictment, in

the United States, Mexico and elsewhere, involving Mr. Beltrán Leyva and others known and

unknown.  Beyond the boilerplate language, the indictment is silent as to any specific facts

alleged to have been committed by Mr. Beltrán Leyva or by any other alleged co-conspirator.

Mexican authorities arrested Mr. Beltrán Leyva on January 28, 2008, on unrelated charges.  While detained in that case, the government filed the indictment and he was been detained in Mexico pending extradition until the extradition was carried out on November 15, 2014.  Mr. Beltrán Leyva made his initial appearance before Magistrate Judge Kaye on November 17, 2014.

The government now moves the Court to declare this matter complex pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii) "due to the number of related defendants, one of whom is in custody awaiting extradition from Mexico, the complexity of the international narcotics trafficking conspiracy charged, the volume of evidence, the majority of which is in a foreign language, and to allow the parties a reasonable amount of time to prepare for trial."  Gov. Mot. at 2-3.

In effect, the government forwards three arguments.  First, that this matter is complex.  Second, that there is a need to obtain foreign evidence. And third, that there are others awaiting extradition from Mexico.  The Court should be aware that it appears to be the practice of the government, specifically the Narcotics and Dangerous Drug Section of the Department of Justice, to seek complex case designation for most of its cases, usually under the guise of the need to obtain and review foreign evidence.

The government's Motion is without merit and should be denied.

## ARGUMENT

"[T]he Speedy Trial Act comprehensively regulates the time within which a [criminal] trial must begin." *Zedner v. United States*, 547 U.S. 489, 500 (2006).  Under the Act, a defendant must be brought to trial within seventy days of the date the indictment was filed in his case, or from the date the defendant first appears before the Court, whichever occurs later.  18

U.S.C. § 3161(c)(1).  The Act sets forth specific categories of delay that shall be excluded from the computation of the seventy-day deadline.  *See Zedner*, 547 U.S. at 500; 18 U.S.C. § 3161(h).

### A.   This Case Is Not Complex Within in the Meaning of 18 U.S.C. §§ 3161(h)(7)(A) and (h)(7)(B)(ii)

Although charged in an international conspiracy, Mr. Beltrán Leyva is the only defendant charged in this indictment.[1]  Thus, this case does not involve an unusual number of defendants.  As with any other conspiracy case, the government must prove that a conspiracy existed and that Mr. Beltrán Leyva knowingly and willingly joined the conspiracy.  The fact that some of the underlying predicate acts occurred at a place outside the United States does not present a novel questions of law or fact.

The government alleges that because crimes occurred in several places such as Mexico and Colombia, it needs foreign witnesses.  If the government can proffer the relevancy of such events to the conspiracy charged, Mr. Beltrán Leyva is prepared to stipulate to the underlying facts, thus obviating the need for foreign witnesses and documentation.  The government has disclosed that it is not aware of any tangible evidence or even recordings involving Mr. Beltrán Leyva.  Thus, it appears this case will rise and fall upon the testimony of the "cooperating witnesses" the government plans to call in at trial.  Presumably, these cooperating witnesses will testify that they were involved in the commission of several crimes in foreign countries and they will have to link Mr. Beltrán Leyva to such crimes.  In other words, the real issue in the case is not whether the cooperating witnesses committed the crimes in Mexico, Colombia or elsewhere, but, rather, whether they can establish that Mr. Beltrán Leyva knowingly participated in the commission of the crimes.

### B.      The Need for Foreign Evidence Does Not Make This Case Complex

The government states that it "is in the process of compiling discovery from several jurisdictions and plan[s] to produce Rule 16 discovery to the Defendant including hundreds of pages of reports, photographs, and videos in the coming weeks." Gov. Mot. at 2. Thus, according to the government, "this case should be designated complex due to the volume of Spanish language documents requiring translation." Gov. Motion, at 5.

The government filed the indictment on August 24, 2012, approximately 28 months ago. The government's sudden need to procure discovery begs the question as to the reason why failed to obtain evidence it now claims to be vital during the course of the last 28 months. As noted previously, NDDS' practice seems to be to indict cases first and obtain evidence later. The Speedy Trial Act does not contain a tolling provision to allow delay for that reason. If the government made a decision, whether tactical, resource-driven or for some other reason, not to obtain the evidence during the 28 months Mr. Beltrán Leyva sat in a Mexican prison awaiting extradition on the indictment, it has to live with that decision. Unless the government can explain the reason for its failure to obtain the documentation beforehand, this Court should not permit this as an excuse to delay the trial.

Nevertheless, as previously stated, Mr. Beltrán Leyva is willing to make accommodations and stipulate to the lab reports, drug ledgers and any official evidence which may be relevant to the case. Additionally, because counsel and Mr. Beltrán Leyva are fluent in Spanish, there is no need to delay trial for the government to translate documents for the defense's benefit.

---

[1] In it's Motion to Relate and Transfer Case, the government conceded that it indicted the case as it did for

**C.     Related Defendants and Defendants Awaiting Extradition**

The government further states that this matter should be declared complex "due to the number of related defendants, one of whom is in custody awaiting extradition from Mexico …" Gov. Mot. at 2.  This argument is unavailing.  The Speedy Trial states that the "number of defendants" is one of the factors to consider.  18 U.S.C. § 3161(h)(7)(B)(ii).  Here, the government has conceded that it made a tactical decision in indicting only Mr. Beltrán Leyva in this case.  Therefore, there is no more than one defendant in this case and he is presently before the Court.  Additionally, even if the other individual awaiting extradition in Mexico were a co-defendant, there is no indication as to how long it will be before he is in the United States.

The government is likely to argue that Mr. Beltrán Leyva fought extradition and that this factor should be weighed in denying a speedy trial.  Mindful of this argument, as stated previously Mr. Beltrán Leyva is willing to stipulate to the admission of foreign evidence, thus reducing the number of foreign witnesses and reducing the number of trial days.

**D.     The Cases Cited By the Government Are Distinguishable**

The government relies on *United States v. Parga-Rivas*, 689 F.Supp. 2d 25 (D.D.C. 2005) (Collyer, J.) and *United States v. Archbold-Manner*, 577 F.Supp. 2d 291 (D.D.C. 2008) (Lamberth, C.J.) to suggest that foreign conspiracies warrant a complex designation.  However, there are significant differences between *Pargas-Rivas* and *Archbold-Manner* and the present case.

First, unlike in *Pargas-Rivas* and *Archbold-Manner* this is not a wiretap case involving foreign languages that must be translated into English before it can be used by either

"reasons."  Gov. Mot. at 2.

the defense or the prosecution.  The translation and preparation of the wiretap evidence was the primary issue relied upon by the court in finding those cases complex.  *See Parga- Rivas,* 689 F. Supp. 28.[2]  As previously mentioned, the government's case is based upon cooperators' testimony, thus, the delay cannot be attributed to the need by either party to listen to many hours of recorded conversation and/or the preparation of transcripts.

Second, Mr. Beltrán Leyva's willingness to stipulate to the underlying predicate acts, assuming their relevancy, will substantially reduce the number of witnesses and pieces of evidence that must be brought into the United States for evidence.  Typically, the government seeks stipulations to limit the number of witnesses and trial dates.  Assuming the evidence is relevant, Mr. Beltrán Leyva is willing to stipulate to a significant part of the case, resulting in savings in both expenses, witness time, foreign travel, court time and juror time. *See United States v. Varella*, 692 F.2d 1352 (11th Cir. 1983).  By streamlining its case, the government will be able to concentrate on the real issue before the jury, *i.e.*, the credibility of the cooperating witnesses they plan to call at trial.

---

[2] In *Parga-Rivas*, seven defendants were charged with international drug trafficking.  Of the seven, only three had been extradited, two were awaiting extradition, one was a fugitive, and one was killed.  On July 31, 2009, the court held a status conference. Mr. Parga-Rivas and two of his co-defendants were present. They intimated to the complexity and voluminous nature of the wiretap evidence in foreign languages when they "*requested that the government provide an index to assist in the review of the extensive discovery provided to date." Id*. at 28. Similarly, in *Archbold-Manner*, 25 defendants were charged with international drug trafficking. Eleven of the 25 defendants were awaiting trial. The court found that the interest of justice outweighed defendants' right to speedy trial in the case that was complex and voluminous in so far as "1. [a]pproximately 10,000 Spanish language documents were turned over three weeks before the...trial date...3. the case involved extensive wiretap evidence that must be transcribed and translated from Spanish and Patois into English...4...both parties had to review Spanish language lab tests...5...the large number of defendants (approximately 25 who were indicted and 1 who are currently pending trial)..." *Id*. In *United States v. Shaw*, 510 F.Supp. 2d 148 (D.C.D.C. 2007) (J. Sullivan), the court found that the interest of justice outweighed defendant's right to speedy trial in a case involving 10 counts, 7 defendants, alleging a conspiracy spanning 7 years, the filing of numerous motions, and the coordination of "a time that accommodates the trial schedules of six...attorneys." *Id*. at 152.

Third, this case is also distinguishable from *United States v. Al-Arian*, 267

F.Supp. 2d 1258 (M.D. Fla. 2003) where the complex designation was justified by 21 thousand

recorded conversations in Arabic, hundreds of boxes of commentary evidence, and voluminous

foreign law enforcement materials.  This is not a document-intensive case necessitating a review

of voluminous transcripts or boxes of evidence.  Without specificity, the government claims it is

seeking more documentation from foreign countries.  It is difficult to believe approximately 28

months after the return of the indictment it needs to obtain additional documents.  Nevertheless,

if relevant, defendant is willing to stipulate to their admissibility without the need for any foreign

certification of authenticity.

**WHEREFORE**, for the foregoing reasons and any other that may become

apparent to the Court, Mr. Beltrán Leyva respectfully requests that the government's Motion be

**DENIED**.

Dated: Washington, DC
      December 6, 2014              Respectfully submitted,

                                    **BALAREZO LAW**

                                      /s/

              By:   _____

                                   A. Eduardo Balarezo, Esq.
                                   D.C. Bar # 462659
                                   400 Fifth Street, NW
                                   Suite 300
                                   Washington, DC  20001
                                   Tel: (202) 639-0999
                                   Fax: (202) 639-0899
                                   E-mail: aeb@balarezolaw.com

                                   *Counsel for Defendant Alfredo Beltrán Leyva*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 6th day of December 2014, I caused a true and correct copy of the foregoing Defendant's Opposition to Government's Motion for a Complex Case Designation and to Exclude Time Under the Speedy Trial Act to be delivered via Electronic Case Filing to the parties in this case.

/s/

_____

A. Eduardo Balarezo, Esq.