UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES | : |
| | : |
| *v.* | : |
| | : Criminal No. 12-0184(RJL) |
| ALFREDO BELTRÁN LEYVA, | : |
| | : |
| *Defendant.* | : |

**DEFENDANT'S OPPOSITION TO GOVERNMENT'S MOTION FOR MODIFICATION TO EXISTING PROTECTIVE ORDER**

**DEFENDANT** Alfredo Beltrán Leyva ("Beltrán Leyva"), by and through undersigned counsel, respectfully submits his opposition to the government's motion for modification to existing protective order and states as follows:

**BACKGROUND**

The government has filed three motions seeking a protective order regarding discovery. (Doc. Nos. 25, 27, 30). Mr. Beltrán Leyva opposed all three. (Doc. Nos. 26, 29, 31). The Court granted the government's motion, with some modifications. (Doc. No. 35, docketed January 20, 2015). The Protective Order states in relevant part, that "only the Defendant, defense counsel, and members of the defense team may view the discovery. However, should the defense wish to have other individuals view the discovery for the purpose of assisting in the defense of this case, defense counsel shall submit their names to the Court in order for the Court to approve them prior to their viewing of the discovery." Prot. Order at ¶ e. The Order further states that "the Defendant, and those approved by the Court, will not retain custody of any of the protected discovery." Prot. Order at ¶ f. Finally, the Order states that the protected discovery will not be provided to anyone who is not assigned to, and directly involved in, the preparation

of the defense in this case." Prot. Order at ¶ g.

In the addition to the restrictions of the Protective Order, the Court has ordered counsel to provide the Court and the government with the identities of individuals who comprise the defense team. *See* Doc. No. 34. In response, counsel listed himself and two American lawyers, three Mexican lawyers, an investigator and a paralegal. To date, the Court has not approved the Mexican attorneys as members of the defense team. The Court has repeatedly ordered counsel not to allow any of the protected discovery to leave the the United States in any form.

Under the current scheme, the government is the sole arbiter of what is protected and what is not. Prior to filing its three prior motions for a protective order, it had failed to articulate how unprotected production of discovery will result in a clearly defined, specific and serious injury. Thus, there was no way for this Court, and certainly not the defense, to know what criteria is being used in making the determination of what is protected and what is not. After the government dumped 1,749 printed pages of what appear to be spreadsheets that the government has characterized as "drug ledgers,"[1] Mr. Beltrán Leyva filed a motion for relief from the protective order. It was only then that the government filed a motion to file *ex parte* and under seal "information related to the protective order." *See* Doc. No. 43. The Court granted that motion. Obviously, the defense is not privy to the information filed by the government.

On March 11, 2015, the government filed a notice with the Court under seal that provided certain information to the Court pertaining to the defense. In its motion to modify the protective order, the government discloses for the first time that "the contents of the

---

[1] At the last hearing, the relevance of these documents was called into question considering the government's apparent confusion as to whether or not it would use the documents at trial.

government's under seal Notice to the Court contained a portion of the information in the Government's under seal *ex parte* Supplement filed on February 23, 2015." Gov. Mot. at n.1. The government now seeks to modify the protective order, without explanation as to why the modifications are needed. The modifications sought include the addition of the following language:

    a.    Proposed Prot. Order ¶ e: "The protected discovery may not leave the United States at any point."
    b.    Addition to Prot. Order ¶ f: "… If the Court approves these individuals, the individuals shall appear before the Court so that the Court may instruct the individuals as to the provisions of the Protective Order and the ramifications of any violation of the Protective Order. …"
    c.    Proposed Prot. Order ¶ h: "Those individuals approved by the Court may only view the protected discovery in the presence of defense counsel of record. Defense counsel of record shall keep an accounting of the pages of the protected discovery to ensure that all pages of the protected discovery remain in the custody of defense counsel or the defense team."
    d.    Addition to Prot. Order ¶ k: "… Therefore, the attorneys from Mexico proposed by defense counsel (*See* Docket Entry 34) are precluded from the defense team."

Gov. Mot at 2-3.

## ARGUMENT

The Fifth Amendment states in relevant part that "No person shall be ... deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. The Sixth Amendment states that "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury ... and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence." U.S. Const. amend. VI.

"[I]t is the trial judge's primary responsibility to govern judicial proceedings so as

to ensure that the accused receives a fair, orderly trial comporting with fundamental due process. The trial judge is therefore granted broad discretion in ordering the daily activities of his court." *United States v. Gurney*, 558 F.2d 1202, 1209 (5th Cir. 1977) (citations omitted).  Before the court can act under its authority it must consider whether the protective order sought by the government can be imposed on Mr. Beltrán Leyva consistent with the Constitutional guarantees. *See United States v. Carmichael*, 326 F. Supp.2d 1267, 1279 (M.D. Ala. 2004).

"Whether rooted in the Due Process Clause ... or in the Compulsory Process or Confrontation clauses of the Sixth Amendment, the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense." *Crane v. Kentucky,* 476 U.S. 683, 690 (1986) (citations omitted).  "The constitutional significance of pre-trial investigation is illustrated by the case law interpreting the Sixth Amendment's guarantee of a right to counsel.  Criminal defendants generally have the right to effective assistance of counsel as a means to protect their broader right to a fair trial." *See Strickland v. Washington,* 466 U.S. 668, 684–86 (1984). This right of the defendant's imposes, in turn, a duty on the part of counsel to perform a reasonable investigation.  *Carmichael*, 326 F. Supp.2d at 1298 (citations omitted).

As a result of the Court's restrictions with respect to protected discovery in general, the defense is effectively barred from using the discovery to properly and fully investigate the case and defend Mr. Beltrán Leyva.  The government now seeks to not only handcuff the defense, but also to blindfold and gag it.  Mr. Beltrán Leyva addresses the government's proposals in turn:

First, with respect to the proposed language regarding the prohibition against taking protective discovery outside the United States, the request is moot.  The Court has already order the defense not to do so and the defense has complied with that order.

Second, the government's request that if the defense wishes to have non-defense team members view the discovery it must produce those individuals before the Court for the Court to personally "admonish them with respect to the ramifications of any violation of the Protective Order" is not only moot, but also violates Mr. Mr. Beltrán Leyva's due process rights. The request is moot because if a non-defense team member were to merely view the the discovery, not possess it or copy it, there would be no basis to subject them to the contraints of the Protecetive Order. They would not have the documents to take out of the country, the documents would still be with defense counsel, and this Court could not impose a restriction upon those persons sharing the contents of the material without violating their First Amendment Rights. Mr. Beltrán Leyva submits that the motive driving this proposed restriction is so that the defense would have to disclose any possible witnesses – an obligation that the defense does not have and that the Court cannot impose absent extraordinary circumstances.

Third, the government seeks to impose a burden on Mr. Beltrán Leyva that anyone approved by the Court to view the protected discovery must do so "in the presence of defense counsel of record." Gov. Mot. at ¶ h. In addition to seeking to prevent the defense from proactively using the protective discovery to defend Mr. Beltrán Leyva, the government now also wants to impose the burden on undersigned counsel to have to personally babysit a prospective authorize person while that person reviews the protective discovery.

Fourth, the government seeks to, in effect, disqualify, Mr. Beltrán Leyva's Mexican counsel, without giving Mr. Leyva and opportunity to contest the information provided to the Court under seal. Mr. Beltrán Leyva's Mexican counsel represent him in a pending case in Mexico and are in an unique position to assist the defense in investigating this case. Mr. Beltrán Leyva wishes to have those attorneys be active participants in the defense and he has a right to

counsel of his choice. At the very least, Mr. Beltrán Leyva respectfully requests that the Court disclose to the defense the government's *ex parte* sealed filing (Doc. No. 43) so that he can effectively rebut the government's reasons for seeking to disqualify Mexican counsel.

Finally, the Protective Order issued by the Court, reads:

> Defendant, and individuals approved by the Court, may view the protected discovery only for the purpose of assisting in the defense of this case. The Defendant, and those approved by the Court, will not retain custody of any of the protected discovery.

Prot. Order ¶ f (Doc. No. 35). However, in paragraph g of the government's proposed modified protective order, the government inserts language that the Court previously rejected. The proposed language reads as follows:

> Defendant, and individuals approved by the Court, may view the protected discovery only for the purpose of assisting in the defense of this case, ***but may not share the contents of the materials with anyone other than defense counsel or members of the defense team***. The Defendant, and those approved by the Court, will not retain custody of any of the protected discovery.

Gov. Mot. at 3 (emphasis added). Mr. Beltrán Leyva assumes that the insertion of the rejected language in the proposed modified order was an error by the government and not an attempt to surreptitiously insert the language into the Protective Order.

**CONCLUSION**

**WHEREFORE**, for the foregoing reasons and any other that may appear to the Court, Mr. Beltrán Leyva respectfully requests that the government's Motion be **DENIED**.

Dated: Washington, DC
March 12, 2015

Respectfully submitted,

**BALAREZO LAW**

By: ___/s/_____
A. Eduardo Balarezo
D.C. Bar # 462659
400 Fifth Street, NW
Suite 300
Washington, DC  20001
Tel: (202) 639-0999
Fax: (202) 639-0899
E-mail: aeb@balarezolaw.com

*Counsel for Defendant Alfredo Beltrán Leyva*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on this 12th day of March 2015, I caused a true and correct copy of the foregoing Defendant's Opposition to Government's Motion for Modification to Existing Protective Order to be delivered via Electronic Case Filing to the parties in this case.

/s/
_____
A. Eduardo Balarezo