IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
UNITED STATES OF AMERICA,          )
                                   )
            Plaintiff,             )   CR No. 12-184
                                   )
                                   )   Washington, D.C.
         vs.                       )   November 21, 2014
                                   )   11:32 a.m.
ALFREDO BELTRAN LEYVA,             )
                                   )
            Defendant.             )
_____)
```

TRANSCRIPT OF STATUS CONFERENCE
BEFORE THE HONORABLE RICHARD J. LEON
UNITED STATES DISTRICT JUDGE

APPEARANCES:

For the Government:          AMANDA LIKSAMM
                             Assistant United States Attorney
                             555 4th Street, N.W.
                             Washington, D.C. 20036
                             (202) 252-7785

For the Defendant:           A EDUARDO E. BALAREZO
                             Balarezo Law
                             400 5th Street N.W.
                             Suite 300
                             Washington, D.C. 20001
                             (202) 639-0999
                             info@balarezolaw.com

Court Reporter:              William P. Zaremba, RMR, CRR
                             Official Court Reporter
                             U.S. Courthouse
                             333 Constitution Avenue, NW
                             Room 6511
                             Washington, D.C. 20001
                             (202) 354-3249

Proceedings recorded by mechanical stenography; transcript
produced by computer-aided transcription

```
 1              P R O C E E D I N G S

 2         DEPUTY CLERK:  Please be seated and come to order.

 3         THE COURT:  Good morning.

 4         (Defendant present.)

 5         DEPUTY CLERK:  Your Honor, we have Criminal Action

 6    12-184, United States of America versus Alfredo Leyva.

 7         Will counsel please approach the lectern and

 8    identify yourselves for the record.

 9         MS. LISKAMM:  Good morning, Your Honor.

10    Amanda Liskamm on behalf of the United States.

11         THE COURT:  Welcome.

12         MR. BALAREZO:  Good morning, Your Honor.

13    Eduardo Balarezo on behalf of Mr. Alfredo Beltran Leyva.

14         THE COURT:  Welcome.

15         MR. ROCHA:  Good morning, Your Honor.  Vic Rocha.

16    I had filed a notice of temporary appearance of counsel,

17    and will seek to withdraw today.

18         THE COURT:  Do you want to withdraw as counsel in

19    the case?

20         MR. ROCHA:  Yes, sir.

21         THE COURT:  Motion granted.

22         MR. ROCHA:  Thank you.

23         THE COURT:  You can leave.

24         MR. ROCHA:  Thank you, Your Honor.

25         MR. BALAREZO:  Your Honor, I think we're having a
```

1    little technical difficulty right now with the headsets.

2            THE COURT:  All right, Mr. Balarezo, come on up.

3            MR. BALAREZO:  Yes, Your Honor.

4            THE COURT:  My impression is, see if it's

5    consistent with yours, that we no longer have a controversy

6    over who's representing this defendant.  Is that consistent

7    with your understanding?

8            MR. BALAREZO:  Your Honor, that is my

9    understanding, given what my discussions with Mr. Beltran;

10   however, I understand that Mr. Zapp still has his appearance

11   in the case and is not here today, but my client,

12   Mr. Beltran has indicated that he did not retain, nor

13   authorize Mr. Zapp to enter an appearance in this matter.

14           THE COURT:  I've been told that Mr. Zapp is going

15   to withdraw his appearance, that he informed Tim of the

16   same.  He didn't come from New York today, because that's

17   what he intends to do.

18           MR. BALAREZO:  Okay.

19           THE COURT:  So, of course, I will grant it as soon

20   as he does.

21           But as far as the Court's concerned, he is no

22   longer Counsel of Record in this case.  The only person

23   who's Counsel of Record in this case is you.

24           MR. BALAREZO:  Thank you, Your Honor.

25           THE COURT:  All right?

1          Now, I understand from looking at the papers that

2    this defendant also has one or two attorneys in Mexico that

3    he has an attorney-client relationship with.  Is that's my

4    understanding, correct?

5          MR. BALAREZO:  That is correct, Your Honor.

6    And if I could just interject one thing.

7          Would the Court allow the attorney who -- one of

8    the attorneys is here -- to use the headset so that he can

9    follow the discussion with the Court?

10          THE COURT:  Yeah.  I'm not agreeing to his being

11    Counsel of Record in this case yet.

12          MR. BALAREZO:  Okay.

13          THE COURT:  But for this limited purpose, I will

14    permit that.

15          MR. BALAREZO:  Thank you.

16          THE COURT:  So if he wants to come up and sit next

17    to you with the headset on, but I am not, at this point,

18    making any decision about him being Counsel of Record.

19          MR. BALAREZO:  I understand, Your Honor.

20          Just so the Court knows, he's not dressed for

21    court, but he's casually dressed, if the Court doesn't mind.

22          THE COURT:  What's his name for the record?

23          MR. BALAREZO:  Juan, J-u-a-n, Ramon, R-a-m-o-n,

24    Mondragon M-o-n-d-r-a-g-o-n, Solis, S-o-l-i-s.  He's one of

25    the two that was mentioned in the motion that I filed.

1          THE COURT:  Spell that last name again?

2          MR. BALAREZO:  M-o-n-d-r-a-g-o-n, Mondragon.

3          THE COURT:  Okay.

4          And where does he practice law?

5          MR. BALAREZO:  In Mexico.  I think it was Mexico.

6  I can get the exact.  I don't have that information.

7          It's Mexico City, the federal district, like

8  I thought.

9          THE COURT:  Mexico City.

10         MR. BALAREZO:  Yes, sir.

11         THE COURT:  He's not a member of any bar in the

12  United States.

13         MR. BALAREZO:  He's a Mexican attorney, yes.

14  He's not a member of a U.S. bar.

15         THE COURT:  All right then.

16         (Pause)

17         THE COURT:  Mr. Moore.

18         MR. MOORE:  Yes, Your Honor.

19         THE COURT:  Come on up for a second.

20         Thank you for coming.  I know you came for the

21  very limited purpose -- this is Shawn Moore of the Federal

22  Public Defender's Office.  I know you came at

23  Magistrate Judge's Kay's request --

24         MR. MOORE:  Yes, Your Honor.

25         THE COURT:  -- for the very limited purpose,

1   in the event of a dispute --

2           MR. MOORE:  Yes, Your Honor.

3           THE COURT:  -- to help me sort out the dispute.

4   I don't believe there's any dispute.

5           MR. MOORE:  Sounds if there's isn't.

6           THE COURT:  So as far as the Court's concerned,

7   unless you have something you need to add, then I think

8   you're excused.

9           You're welcome to sit and listen.  You don't need

10  to.  I know you how busy you are, so you don't need to stay.

11          MR. MOORE:  Thanks, Judge.

12          THE COURT:  Thanks for coming, Mr. Moore.

13          MR. MOORE:  Sure.

14          THE COURT:  Thank you.

15          All right.  Now, to be honest with you, counsel,

16  I have not had an opportunity yet to discuss with our

17  Chief Judge or any of my colleagues what the practice of

18  this Court has been and should be with regard to attorneys

19  in the category of this gentleman that's seated at the table

20  here with you.  He's obviously not a member of any bar in

21  the United States, certainly not a member of our bar.

22          But making him a member of the bar of this court

23  or that other lawyer in Mexico, excuse me, making him a

24  Counsel of Record, and thereby giving him access to the

25  Defendant, is, you know, an issue that I need to sort out.

1      MR. BALAREZO:  Your Honor, I apologize.  I think

2  there might be a small misunderstanding.

3      My motion was not seeking to make -- to have him

4  enter this case as a Counsel of Record.  My motion was

5  simply for the Court to authorize legal visits with him at

6  whatever facility Mr. Beltran is detained.

7      THE COURT:  Okay.

8      MR. BALAREZO:  And the reason for that is that the

9  Marshal Service was not allowing it because of the issues

10 with counsel.

11     THE COURT:  Right.

12     MR. BALAREZO:  Now, typically, foreign attorneys

13 do have access to the client, but there's a certain

14 bureaucratic process they have to go through, and we can do

15 that.  But just so there are no questions given the --

16 what's happened.

17     THE COURT:  Right.

18     MR. BALAREZO:  I requested an order so that this

19 attorney, Mr. Mondragon, and Attorney Delgado could have

20 access to their client.

21     THE COURT:  Yeah.  You better put on the record

22 the name of this other attorney that you'd like to have also

23 put in the same category.

24     MR. BALAREZO:  It was Juan, J-u-a-n, Manuel,

25 M-a-n-u-e-l, Delgado, D-e-l-g-a-d-o, Gonzalez.  And I think

1    you have that, right?

2          THE COURT:  And does Mr. Gonzalez practice law in

3    Mexico City also?

4          MR. BALAREZO:  Correct.

5          THE COURT:  He does, okay.

6          But he's not in the country right now, apparently?

7          MR. BALAREZO:  He had to leave.  He left back to

8    Mexico yesterday morning, Your Honor.

9          THE COURT:  I see.  All right.

10          So you're only seeking their ability to meet with

11    the Defendant?

12          MR. BALAREZO:  Correct.

13          THE COURT:  When you meet with the Defendant?

14          MR. BALAREZO:  Not necessarily.  I think I had put

15    that in the motion, but not necessarily.

16          There may be times where they need to discuss

17    matters specific to the process of Mexico that don't involve

18    me, but typically, I will probably be there.

19          THE COURT:  I want to think that through for a

20    bit.  I might limit it to only when you're present.

21          MR. BALAREZO:  Okay.

22          THE COURT:  And I want to talk to the Chief Judge

23    about it as well --

24          MR. BALAREZO:  Sure.

25          THE COURT:  -- because obviously, this is not the

1    first and it won't be the last case, frankly, in this

2    district where we have this type of situation where we have

3    foreign counsel present.

4            I appreciate the defendant's desire, though, to be

5    able to speak to his counsel and who represented him in

6    Mexico; is that right?

7            MR. BALAREZO:  Correct.  There's an ongoing matter

8    in Mexico.

9            THE COURT:  It's an ongoing matter.

10           MR. BALAREZO:  Yes.

11           THE COURT:  And can you just briefly describe what

12   that matter is?

13           MR. BALAREZO:  Your Honor, I'd rather not, because

14   I have an understanding, but I don't want to give any

15   information incorrect.  I don't believe --

16           THE COURT:  Is it civil or criminal, without

17   getting into specifics?

18           MR. BALAREZO:  I believe it's a criminal matter.

19           THE COURT:  Okay.  All right.  So it's an ongoing

20   matter in Mexico?

21           MR. BALAREZO:  Correct.

22           THE COURT:  Okay.  Very good.

23           All right.  Now, as you're also probably aware,

24   Mr. Balarezo, the government has filed a motion which you've

25   not had a chance yet, obviously, and understandably, to

1    respond to, seeking to have this Court transfer this case

2    over to another judge in this court.  I frankly haven't

3    focused on it yet, because I wanted to be sure defense

4    counsel wants me to determine who defense counsel would be,

5    would have an opportunity to weigh in on this issue.

6    I don't know if that makes sense or it doesn't make sense,

7    frankly, and I'm not really -- I haven't looked into it, so

8    I'm really not sure what the reasons are for why it's

9    positioned the way it is.  I think the government alluded to

10   it as being some kind of clerical error of some kind or

11   something.  But as I'm sure you are well aware, that it's

12   oftentimes not just a clerical error that something is not

13   joined.

14          So I want to give you an opportunity to look at

15   that issue and submit whatever your position will be,

16   whether you oppose it, and, if so, what your reasons are;

17   if you support it, what your reasons are for supporting it.

18          MR. BALAREZO:  Sure.

19          THE COURT:  And I would think you would be able to

20   do that within ten days or something like that.

21          MR. BALAREZO:  Definitely, Your Honor.

22          THE COURT:  Yeah.

23          MR. BALAREZO:  The government didn't mention that

24   to me this morning, but I have not seen the motion or know

25   any of the details yet, so...

1          THE COURT:  All right.

2          So why don't you put that on your to-do list

3     there, because I know you have no shortage of things you

4     need to do.

5          Have you started receiving any discovery yet?

6          MR. BALAREZO:  Your Honor, I have not, and I --

7     probably as a result of the counsel issue.

8          THE COURT:  Okay.

9          MR. BALAREZO:  I'll make an oral request, and I

10    will send the government a request shortly requesting

11    discovery in the matter.

12         THE COURT:  I'm going to direct them right now to

13    start opening the spigot and turning things over to you

14    before the trial.  I want to get that process rolling.

15         MR. BALAREZO:  Okay.

16         THE COURT:  And I'm sure any other judge would

17    too.  So we'll get that moving.

18         Before I hear from government counsel, are there

19    any other issues you'd like to raise at the moment?

20         MR. BALAREZO:  I think the government would raise

21    this too.

22         I think at the appearance with Magistrate Kay,

23    a detention hearing was set for 1:45.  We were wondering,

24    the government and I, if the Court would determine that now.

25    We're prepared to waive the detention hearing at this point.

1   As you know, Mr. Beltran was extradited from Mexico last

2   weekend for an offense for which, obviously, detention is

3   presumed.

4           And I also believe that Immigration, ICE, has

5   issued a detainer for him.  So based on those facts,

6   we would waive the detention hearing.

7           THE COURT:  Okay.  Well, that's fine, if you're

8   waiving it.

9           I mean, obviously, Judge Kay could make findings

10  just based on the record alone, without the need for a

11  hearing.  But I think in light of your waiver, that might

12  not even be necessary.

13          MR. BALAREZO:  I don't believe so.

14          THE COURT:  No.

15          So the Court will grant your request, and the

16  defendant will be held throughout the life of this case, and

17  then, of course, will be on retainer with the Immigration

18  thereafter.

19          MR. BALAREZO:  Right.

20          THE COURT:  And I'll notify Judge Kay's office, so

21  you won't have to deal with that.

22          MR. BALAREZO:  Okay.  Thank you, Your Honor.

23          THE COURT:  Are there any other issues that you'd

24  like to address the Court about right now?

25          MR. BALAREZO:  Your Honor, I don't believe so.

1    I think some issues that I had with respect to my client and

2    the facilities have been resolved, but if any come up,

3    I will obviously contact the Court.

4              THE COURT:  Don't be shy.

5              MR. BALAREZO:  Thank you.

6              THE COURT:  All right, Ms. Liskamm.

7              MS. LISKAMM:  Good morning, Your Honor.

8              THE COURT:  Good morning.

9              How are we doing on discovery?

10             MS. LISKAMM:  We are putting discovery together as

11   we speak, Your Honor, and we should be able to start

12   producing it to defense counsel over the next few weeks.

13             THE COURT:  Okay.  Do you plan on doing it sort of

14   on a rolling basis?

15             MS. LISKAMM:  Yes, Your Honor.

16             THE COURT:  All right.  So can you give me some,

17   just like a general idea of the volume here?  Are we talking

18   hundreds of pages, thousands of pages, tens of thousands of

19   pages?  I don't have any sense, obviously.

20             MS. LISKAMM:  And, Your Honor, I don't have sort

21   of an estimate to give to the Court at this time, because we

22   are still obtaining documents from other districts, as well

23   as foreign authorities.

24             At this point, we're in the realm of hundreds of

25   pages.  I anticipate that that will increase in the future.

1          THE COURT:  Is this a case, based on your

2     knowledge of it to date, likely to qualify for the complex

3     trial status, and, thereby, you know, avoid the typical

4     speedy trial clock?

5          MS. LISKAMM:  It is, Your Honor.

6          And the government anticipates filing a motion to

7     designate this as a complex case.

8          THE COURT:  Okay.  So you think you'll do that in

9     the next week, two weeks?

10          MS. LISKAMM:  We'll be filing it next week,

11     Your Honor.

12          THE COURT:  All right.

13          Well, I'll tell you what I'm going to do.

14     I'm going to set a status for a couple weeks out.

15     I want to give Mr. Balarezo a chance to weigh in on that

16     motion that I already alluded to, which, Mr. Balarezo, you

17     can get that in on, let's see, how about the 3rd of

18     December.  Do you think you can get it in by then?

19          MR. BALAREZO:  This is with respect to the motion

20     to transfer the matter?

21          THE COURT:  Right, right.

22          MR. BALAREZO:  Yes, sir.

23          THE COURT:  Okay.  So if you could get it in by

24     then, that would be great.  And then we'll set a hearing the

25     beginning of that following week.

1           How are you looking for the 8th, Mr. Balarezo?

2     Are you available that day, say around 2:30?

3           MR. BALAREZO:  Your Honor, unfortunately, no.

4     That afternoon I have an appointment outside of the

5     jurisdiction.

6           THE COURT:  How about the morning?  Does that --

7     11:00, would 11:00 work, 11:30?

8           MR. BALAREZO:  Let me --

9           THE COURT:  Check you calendar there.  Or we can

10    go the 9th.

11          MR. BALAREZO:  The 9th would be better,

12    Your Honor.  On the 8th in the morning, I have a motions

13    hearing in Greenbelt in a criminal matter.

14          THE COURT:  Well, let's do the 9th at 11:30.

15    Does that work for you, ma'am?

16          MS. LISKAMM:  Yes, Your Honor.

17          THE COURT:  Very good.  All right.

18          And we'll take a look at that.

19          In the meantime, you'll be getting discovery,

20    as you've heard.  And, of course, the government has an

21    obligation to produce any Brady material as soon as you get

22    it.

23          MS. LISKAMM:  Absolutely.

24          THE COURT:  Right away.  There's not to be any

25    delay with regard to Brady material or Giglio material, for

1     that matter.

2              So status for the morning of the 9th.

3              And are there any other issues, Ms. Liskamm, that

4     we need to address today?

5              MS. LISKAMM:  No, Your Honor.

6              And I'll provide a copy of the motion that was

7     filed to transfer the case to defense counsel this morning.

8              THE COURT:  Let me ask you to give a little

9     thought to this as well.  I know Mr. Balarezo will be giving

10    thought to it too:

11             But the decision on attorney access of foreign

12    attorneys, access to the defendant outside the presence of

13    Mr. Balarezo -- Mr. Balarezo obviously is a member of our

14    bar and has been for many, many years, a very seasoned

15    counsel.  And the Court feels a little more comfortable,

16    frankly, having him present for those kind of meetings.

17    And he's covered by the attorney-client privilege too,

18    so I don't see any reason why he can't be present.

19             But give some thought to that as well from the

20    vantage point of the law enforcement community.  I think my

21    inclination at the moment anyway would be to do it that way.

22    I want to talk to the Chief Judge about it, as I said a

23    minute ago, maybe some of my colleagues, but I do think the

24    Defendant's entitled to have access to his foreign counsel,

25    though.  So it's just a question of how to do it and,

1    you know, how to put it in a motion.

2           MS. LISKAMM:  And I believe Mr. Balarezo included

3    the government's position in his filing, that we would defer

4    to the marshals in terms of their determination of safety

5    and security concerns.

6           THE COURT:  Okay.

7           MR. BALAREZO:  Your Honor, if I may.

8           THE COURT:  Uh-huh.

9           MR. BALAREZO:  I just want to make sure that the

10   only reason that the motion was filed was because the

11   facility where Mr. Beltran Leyva was being held was not

12   granting access to anyone but persons that were authorized

13   by the marshal service, and at that point, it was,

14   I believe, me, Mr. Zapp and Mr. Rocha.

15          From my experience in this district and in other

16   district, foreign attorneys have access -- unfettered access

17   to their clients, obviously, as long as they meet whatever

18   requirements, identification-wise, et cetera.

19          Normally, for example, someone here who's at the

20   D.C. jail, their foreign attorneys would get a local

21   attorney to request the jail to admit them into the facility

22   as long as they provide those credentials.

23          And there's never been a request or a requirement

24   that local counsel be present during any of those meetings.

25   I was not suggesting that that had been the situation if --

1    obviously, we will abide by whatever the Court's ruling is,

2    but I'm just kind of informing the Court what the normal

3    process is in these matters.

4            THE COURT:  I understand.

5            I also would like for you to make the necessary

6    arrangements for the two counsel from Mexico that you've put

7    on the record, their names and everything, one of whom is

8    sitting here --

9            MR. BALAREZO:  Correct.

10           THE COURT:  -- to have a certificate of good

11   standing of the bar that they're a member of in Mexico,

12   with -- officially notarized, however it's done there with

13   seals, whatever, filed in our court.

14           MR. BALAREZO:  Filed in?

15           THE COURT:  You can file it -- you can file it on

16   their behalf with the Court.

17           MR. BALAREZO:  Or whatever other documentation

18   that their bar provides.  I don't know if they call it a

19   certificate or --

20           THE COURT:  Well, whatever the equivalent would

21   be --

22           MR. BALAREZO:  Right.

23           THE COURT:  -- of a certificate of good standing

24   as a member of the bar of that court.

25           So I want that to be filed as part of the record

1     in this case before I rule on the issue of their access to

2     the Defendant, because I have no way of verifying it other

3     than through official records that are --

4            MR. BALAREZO:  Right.

5            THE COURT:  -- from the Mexican bar authorities.

6            MR. BALAREZO:  Right.

7            THE COURT:  You know, I mean, I have no reason to

8     doubt his representations are true, that he's a member of

9     the bar of Mexico and in good standing, but I don't have any

10    proof of it.

11           MR. BALAREZO:  I understand, Your Honor.

12           THE COURT:  Whereas any other lawyer in the

13    United States, I could check on in one phone call and verify

14    it.

15           MR. BALAREZO:  I think that's fair enough.

16           THE COURT:  Yeah.

17         So I think it's the prudent thing is to have some

18    form of official certification on file for both of them in

19    advance of my decision.

20           MR. BALAREZO:  If we could ask for the Court's

21    indulgence for one thing, Your Honor.

22         Attorney Mondragon, who's sitting here, he's been

23    here since, I believe, Monday night, and part of the reason

24    obviously was he wanted to be able to speak with the client.

25    He has not been able to do so and is scheduled to leave

1   tomorrow morning.  Would the Court at least authorize maybe

2   a specific period of time this morning he can meet -- I can

3   be there, but speak with him down in the cellblock?

4           THE COURT:  With you present.

5           MR. BALAREZO:  In the cellblock.

6           THE COURT:  In the cellblock.

7           MR. BALAREZO:  Okay.  That's fine.

8           And the other thing, Your Honor, finally for me,

9   it might be a slightly unorthodox request but --

10          THE COURT:  Oh, we're used to those around here.

11          MR. BALAREZO:  Especially already in this matter,

12  I guess.

13          THE COURT:  We get lots of them.

14          MR. BALAREZO:  I think I alluded to, in one of the

15  filings that I made, would the Court be willing to consider

16  a request for some kind of order to the marshal service that

17  access to Mr. Beltran be restricted to Counsel of Record and

18  his Mexican attorneys, if and when the Court allows that,

19  and/or any other attorney that Mr. Beltran wishes to see.

20          I'm not trying to prevent Mr. Beltran from

21  consulting with other attorneys, for example.

22  What I'm trying to prevent is what is, quite frankly,

23  typical in these cases, attorneys just dropping in on him

24  unrequested, soliciting business, and I think that's

25  unethical, but it happens repeatedly.

1          THE COURT:  Wow.  Maybe I'm missing something

2  here, but --

3          MR. BALAREZO:  Well.

4          THE COURT:  -- the impression I have is that the

5  marshals would not allow anyone to visit him other than

6  Counsel of Record in the case or other counsel that the

7  Court were to permit.

8          MR. BALAREZO:  Well, I can tell you if he were at

9  the D.C. Jail, he would have had a line of visitors for the

10  least week at all hours, and I know it because I've seen it.

11          So that's -- I'm trying to prevent that, where

12  we've established a relationship, and if he wishes another

13  lawyer, obviously he's more than free to do it, but I just

14  don't want that kind of thing and neither does he, so...

15          THE COURT:  Submit a proposal --

16          MR. BALAREZO:  I will.

17          THE COURT:  -- and I will look at it.

18          I mean, I don't -- I mean, as far as I'm

19  concerned, the only people who should be visiting him are

20  Counsel of Record in the case, any other counsel the Court's

21  permitted, and family members.

22          MR. BALAREZO:  You'd be surprised, Your Honor.

23          THE COURT:  And that's it.

24          Well, that actually is a little disconcerting,

25  because, you know, some lawyers have a different sense of

1    propriety than others, let's just leave it that.

2              MR. BALAREZO:  I can't speak to that, obviously.

3              THE COURT:  I understand.

4              All right.  Submit whatever you have.

5              MR. BALAREZO:  Thank you, sir.

6              And can I just consult with Mr. Beltran for one

7    moment before I --

8              THE COURT:  Oh, go right ahead.

9              MR. BALAREZO:  That's it, Your Honor, thank you

10   very much.

11             THE COURT:  That's it?

12             Anything else for the government?

13             MS. LISKAMM:  No, thank you.

14             THE COURT:  All right.  We'll stand in recess.

15             DEPUTY CLERK:  All rise.  This Honorable Court now

16   stands in recess until the return of Court.

17             (Proceedings concluded at 11:56 a.m.)

18

19

20

21

22

23

24

25

1

2                    C E R T I F I C A T E

3              I, William P. Zaremba, RMR, CRR, certify that

4    the foregoing is a correct transcript from the record of

5    proceedings in the above-titled matter.

6

7

8

9    Date: March 20, 2015_____  /S/__William P. Zaremba_____

10                                  William P. Zaremba, RMR, CRR

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25