UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CRIMINAL NO. 12-CR-184 (RJL)** |
| v. | |
| **ALFREDO BELTRAN LEYVA,** | |
| Defendant. | |

**GOVERNMENT'S SUPPLEMENTAL MOTION IN LIMINE TO INTRODUCE OTHER CRIMES EVIDENCE AT TRIAL**

The Government respectfully submits the following motion in further support of the Government's Motion in Limine to Introduce Other Crimes Evidence at Trial, filed on June 19, 2015. See Docket Entry No. 67 ("Gov't 404(b) Mot."). In that motion, the Government moved to admit, inter alia, evidence of drug trafficking conspiracy activities prior to 2000 as direct evidence of a multi-year, multi-member, complex international narcotics trafficking conspiracy, as being intrinsic or inextricably intertwined with the charged conspiracy, and also pursuant to Federal Rule of Evidence ("Rule") 404(b).  Subsequently, the D.C. Circuit Court of Appeals reiterated the longstanding principle that evidence of other crimes similar to the charged conspiracy is admissible pursuant to Rule 404(b) because "it [is] relevant . . . as background showing how the conspiracy formed and certain defendants' intent." United States v. Straker, --- F.3d. ---, 2015 WL 5099548, at *8 (D.C. Cir. Sept. 1, 2015).  Accordingly, for the reasons set forth below and in the Government's 404(b) Motion, the Government respectfully requests that the other crimes evidence be admitted.

1

**I.    BACKGROUND**[1]

On August 24, 2014, a federal grand jury returned an indictment charging the Defendant with conspiracy to distribute five kilograms or more of cocaine, fifty grams or more of methamphetamine, one kilograms or more of heroin and one thousand kilograms or more of marijuana for importation into the United States, in violation of 21 U.S.C. §§ 959, 960, and 963. The charged conspiracy occurred between January 2000 and August 2012. The indictment also carries a criminal forfeiture allegation pursuant to 21 U.S.C. §§ 853 and 970.

The Government anticipates proving at trial that the Defendant was a leader of a large-scale drug trafficking organization ("DTO"), known as the Beltran Leyva DTO, based in Sinaloa, Mexico. In addition to criminal acts which directly and indirectly facilitated the means and aims of the overall conspiracy, the Government intends to offer additional evidence of other bad acts that are both direct evidence of the Defendant's involvement in the drug distribution conspiracy and inextricably intertwined with this conspiracy. See Docket Entry No. 67 at 4-13.

In a motion filed on June 19, 2015, the Government moved to admit evidence of the Defendant's involvement in similar drug trafficking activity prior to January 2000 pursuant to Federal Rule of Evidence ("Rule") 404(b). Docket Entry No. 67 at 12-13. On September 1, 2015, subsequent to the pleadings and oral argument in this case, the D.C. Circuit held that evidence of similar uncharged crimes is admissible under Rule 404(b). United States v. Straker, --- F.3d ---, 2015 WL 5099548 (D.C. Cir. Sept. 1, 2015). For the reasons set forth below, the D.C. Circuit's analysis in Straker supports admission of the evidence in this case pursuant to Rule 404(b).

---

[1] The Government incorporates the Background section of the Government's 404(b) Motion to provide full details regarding the conspiracy. See Docket Entry No. 67 at 2-13.

**II.     THE PROFFERED EVIDENCE IS ADMISSIBLE UNDER RULE 404(B)**

    A.    <u>The Rule 404(b) Standard</u>

Rule 404(b) permits the admission of "evidence of other crimes, wrongs, or acts" to prove a material issue other than character, such as "motive, opportunity, intent, preparation, plan, knowledge, identity and absence of mistake or accident." Fed. R. Evid. 404(b). It is well-settled in this Circuit that "'Rule 404(b) is a rule of inclusion rather than exclusion'…and it is 'quite permissive,' excluding evidence only if it is offered for the sole purpose of proving that a person's actions conformed to his or her character." <u>United States v. Long</u>, 328 F.3d 655, 660-61 (D.C. Cir. 2003) (quoting <u>United States v. Bowie</u>, 232 F.3d 923, 929 (D.C. Cir. 2000)) (citations and quotations omitted).

This Circuit has accepted a two-pronged test for determining whether evidence of prior crimes is admissible under Rule 404(b).[2] First, the evidence must be "'probative of a material issue other than character.'" See <u>United States v. Miller</u>, 895 F.2d 1431, 1435 (D.C. Cir. 1990) (quoting <u>Huddleston v. United States</u>, 485 U.S. 681, 686 (1988)). Second, the evidence is subject to the balancing test of Federal Rule of Evidence 403, so that it is inadmissible only if the prejudicial effect, or to a lesser extent the effect of any other consideration under Rule 403, of admitting the evidence substantially outweighs its probative value. See <u>Miller</u>, 895 F.2d at 1435.

    B.    <u>Application of Rule 404(b) in *United States v. Straker*</u>

In accordance with this long-standing precedent, the D.C. Circuit recently held that evidence of other uncharged crimes is admissible under Rule 404(b) to show "the background of

---

[2]    The <u>Miller</u> Court notes that "[t]his two-step analysis—certification of a 'proper' and relevant purpose under Rule 404(b), followed by the weighing of probity and prejudice under Rule 403—is firmly rooted in the law of this circuit." <u>Miller</u>, 895 F.2d at 1435 (citing <u>United States v. Manner</u>, 887 F.2d 317, 321 (D.C. Cir.1989), <u>cert. denied</u> 493 U.S. 1062 (1990) and <u>United States v. Lavelle</u>, 751 F.2d 1266, 1275 (D.C. Cir. 1985), cert. denied, 474 U.S. 817 (1985)).

3

the conspiracy and how the relationship between the participants developed, as well as defendants' motive, intent, knowledge, preparation, and plan." United States v. Straker, --- F.3d. ---, 2015 WL 5099548, at *8 (D.C. Cir. Sept. 1, 2015) (citing United States v. Straker, 567 F. Supp. 2d 174, 178-79 (D.D.C. 2008)). The defendants in Straker were charged with conspiracy to commit extraterritorial hostage taking resulting in death, in violation of the Hostage Taking Act, 18 U.S.C. § 1203. 2015 WL 5099548 at *1-2. The D.C. Circuit found no abuse of discretion in admitting evidence at trial of additional hostage takings committed by three of the seven defendants. Id. at *8-13.

Under the first prong of the Rule 404(b) analysis, the Court of Appeals found that evidence of particular defendants' involvement in uncharged hostage takings prior to the charged conspiracy was relevant to show how those defendants started to work together as kidnappers:

> In a conspiracy prosecution, the government is usually allowed considerable leeway in offering evidence of other offenses to, for example[,] inform the jury of the background of the conspiracy charged or help explain to the jury how the illegal relationship between the participants in the crime developed. Evidence that defendants jointly engaged in other criminal activity can be relevant to shed light on how the relationship of mutual trust developed between those individuals.

Straker, 2015 WL 5099548, at *9 (internal quotation marks and citations omitted). The D.C. Circuit rejected the argument that other evidence of past relationships (such as boyhood friendships or common military service) was sufficient because such evidence "did not speak to [the defendants'] repeated experience of trusting one another to carry through with felonious conspiracies without revealing their activities to law enforcement." Id. at *11.[3]

---

[3]   The D.C. Circuit also found it immaterial that some of the additional hostage takings occurred before the charged crime and some occurred after. "'[T]he principles governing what is commonly referred to as other crimes evidence are the same whether the conduct occurs before or after the offense charged.'" Straker, 2015 WL 5099548, at *9 n.2 (quoting United States v. Latney, 108 F.3d 1446, 1450 (D.C. Cir.1997)).

The Circuit also held that the uncharged crimes were relevant to establish the defendants' state of mind. "Intent, knowledge, and motive are 'well-established non-propensity purposes for admitting evidence of prior crimes or acts.' As we have previously observed, evidence relevant to intent and motive 'is particularly probative where the government has alleged conspiracy.'" Id. at *10 (citing Bowie, 232 F.3d at 930, Fed. R. Evid. 404(b)(2), and United States v. Mathis, 216 F.3d 18, 26 (D.C. Cir. 2000)). Moreover, the Court concluded that the evidence was necessary to prove that the defendants joined the charged conspiracy knowingly and intentionally, regardless of whether they asserted an innocent motive defense. 2015 WL 5099548 at *11. In other words, the government's evidence of similar prior crimes "helped to dispel any doubt as to whether [the defendants] knowingly and intentionally joined together to carry out these crimes[.]" Id. at *10.

In the second prong of the analysis, the Court determined that under Rule 403, the evidence's probative value substantially outweighed its prejudicial effect for two reasons. First, "[t]he danger of unfair prejudice was minimal because the other-crimes evidence added 'no emotional or other pejorative emphasis not already introduced by the evidence' of the crime charged in this case." Id. at *10 (quoting Straker, 179 F. Supp. 2d at 179). Second, the trial court's safeguards – including repeated limiting instructions throughout the trial and narrowing evidence of prior crimes that were worse than the charged crime – effectively minimized any potential prejudice. Id. at *11-12.

C.      Application of the Rule 404(b) Standard in the Instant Case

**1.      Evidence of Similar Prior Drug Trafficking Conspiracy Has Strong Probative Value**

Like the evidence admitted in Straker, evidence in this case of the Defendant's drug trafficking activities that pre-date 2000 should be admitted as evidence to show the background of the conspiracy, how the relationships between the participants of the conspiracy developed and the defendant's motive, intent, knowledge, preparation and plan.

First, the proffered evidence is admissible as interrelated background evidence of the drug trafficking conspiracy and "'the relationship of mutual trust'" between the Defendant and his co-conspirators. Straker, 2015 WL 5099548 at *9 (quoting United States v. Escobar-de Jesus, 187 F.3d 148, 169 (1st Cir. 1999)). The Government's proposed evidence would show that the Defendant was involved in a cocaine trafficking scheme in which he worked with co-conspirators to have cocaine-laden airplanes travel from Colombia to land on Mexican landing strips. This conduct occurred from approximately 1990 until 1994 when the Defendant's DTO switched to maritime drug trafficking. The maritime drug trafficking continued from approximately 1994 to January 2000 (the beginning of the charged conspiracy). Similarly, in the charged conspiracy, the Defendant's DTO coordinated shipments of cocaine on go-fast boats, fishing boats, container ships and other methods of maritime drug trafficking. See Docket Entry No. 67 at 11-13. These events occurred immediately preceding the time period as the charged crime, involved the substantially the same individuals as the charged crime and involved similar acts as the charged offense. Thus, the prior criminal relationship between the Defendant and the other co-conspirators facilitated the execution of the charged conspiracy. Such evidence is not offered "merely to allow the government to provide the prosecutor's narrative," but rather, to

establish how and with whom the Defendant operated in the charged drug trafficking conspiracy. Straker, 2015 WL 5099548 at *9.

Second, the proffered evidence is probative of the Defendant's motive, knowledge and absence of mistake regarding the instant offense. "Where other crimes evidence is offered to show intent . . . '[w]hat matters is that the evidence be relevant to show a pattern of operation that would suggest intent and that tends to undermine the defendant's innocent explanation.'" Straker, 579 F. Supp. 2d at 178 (quoting United States v. Long, 328 F.3d 655, 661 (D.C. Cir. 2003)) (internal quotation marks omitted). Here, the pre-2000 drug trafficking activities are "closely related" to the charged conspiracy, as they reflect the early stages of a long-running criminal partnership between the Defendant's DTO and other conspirators. Straker, 579 F. Supp. 2d at 178. Further, "[p]otential juror doubt about whether [the Defendant] was somehow mistakenly swept up into activities he did not know were part of a criminal conspiracy is powerfully undermined by the evidence of similar criminal teamwork with some of the same people, both before and after [the charged crime]." Straker, 2015 WL 5099548 at *10. As a result, the evidence renders it substantially more probable that the Defendant had the requisite intent to participate in the charged drug trafficking scheme. Accordingly, this evidence should be admitted as proper Rule 404(b) evidence.

### 2. The Proposed Evidence is Not Prejudicial under Rule 403

As in Straker, the aforementioned evidence should be admissible under Rule 403 because the probative value of the evidence substantially outweighs any prejudicial effect to the Defendant.

First, any danger of unfair prejudice is minimal because the other-crimes evidence adds "'no emotional or other pejorative emphasis not already introduced by the evidence' of the crime

charged in this case." Straker, 2015 WL 5099548 at *10 (quoting Straker, 179 F. Supp. 2d at 179). Much of the proposed evidence will be introduced at trial through cooperating witnesses who were co-conspirators with the Defendant. This testimony is anticipated due to the integral nature these "bad acts" played in the functioning of the charged conspiracy. As such, evidence of the Defendant's involvement in these "bad acts" would not be unduly prejudicial as the Defendant was engaged in, not to mention led and directed, at least during part of the conspiracy, the same activity with these co-conspirators.

Second, the extent of any prejudice, or the potential misuse of such evidence by the jury, will effectively be eliminated by curative instructions by the Court before or immediately after the introduction of this evidence at trial and during the preliminary and final instructions to the jury. The D.C. Circuit approved the trial court's use of limiting instructions for the other crimes evidence admitted in Straker because "[j]uries are presumed to follow instructions that caution them to draw only permissible inferences from Rule 404(b) evidence." Straker, 2015 WL 5099548 at *12 (citing United States v. Brown, 597 F.3d 399, 405-06 (D.C. Cir. 2010)). In each instance, the trial court cautioned the jury that the evidence was admissible only for limiting purposes, namely: "informing the jurors of the background of the conspiracy, helping them decide whether there were relationships between the co-conspirators, and aiding their determinations as to whether the defendants had motive, intent and knowledge or a plan to commit" the charged crime. Straker, 2015 WL 5099548 at *12. Similarly, in the instant case, the Court's detailed instructions will guide the jury in properly considering the evidence of drug trafficking and other activity prior to 2000. Id.

### III. CONCLUSION

For the foregoing reasons, and for the reasons stated in the Government's Motion <u>in Limine</u> to Admit Other Crimes Evidence, the Government respectfully moves to admit the proposed evidence pursuant to Federal Rule of Evidence 404(b).

                                                      Respectfully Submitted,

                                                      ARTHUR G. WYATT, Chief
                                                      Narcotic and Dangerous Drug Section
                                                      Criminal Division
                                                      United States Department of Justice

By:      /s/
                Amanda N. Liskamm
                Andrea Goldbarg
                Adrian Rosales
                Trial Attorneys
                Marcia M. Henry
                Assistant U.S. Attorney
                Narcotic and Dangerous Drug Section
                Criminal Division,
                United States Department of Justice
                145 N Street, NE
                East Wing, Second Floor
                Washington, D.C. 20530

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing was sent via the CM/ECF system, to counsel of record for the Defendant, this 25th day of September 2015.

                                  /s/
                                Amanda N. Liskamm
                                Andrea Goldbarg
                                Adrian Rosales
                                Trial Attorneys
                                Marcia M. Henry
                                Assistant U.S. Attorney
                                Narcotic and Dangerous Drug Section
                                Criminal Division
                                Department of Justice