UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| United States of America | * |
| | * |
| | * |
| | *   Criminal No. 12-CR-184 (RJL) |
| v. | * |
| | * |
| ALFREDO BELTRAN LEYVA | * |
| | * |
| | * |
| | * |

**DEFENDANT'S MOTION TO RECONSIDER
USE OF ANONYMOUS JURY**

NOW COMES Defendant, Alfredo Beltrán Leyva, by and through undersigned counsel, and respectfully requests that this Court reconsider its decision to empanel an anonymous jury. In support of this Motion, counsel states:

1. On September 28, 2015, this Court determined *sua sponte* that it would empanel an anonymous jury in this case. In so doing, however, this Court did not require the Government to demonstrate the need for an anonymous jury, nor did the Court articulate any such findings.

2. A judge may keep the names of jurors confidential "where the interests of justice so require." 28 U.S.C. §1863(b)(7). The District of Columbia Circuit has articulated the factors which a court must consider before taking this extraordinary step. *United States v. Edmond*, 52 F.3d 1080, 1089 (D.C. Cir. 1995). The *Edmond* factors cannot be established in this case.

3. According to *Edmond*, an anonymous jury may be empaneled if the Government makes a showing of "some combination" of the following five factors:

(1) the defendant's involvement in organized crime,

(2) the defendant's participation in a group with the capacity to harm jurors,

(3) the defendant's past attempts to interfere with the judicial process,

(4) the potential that, if convicted, the defendant will suffer a lengthy incarceration and substantial monetary penalties, and

5) extensive publicity that could enhance the possibility that jurors' names would become public and expose them to intimidation or harassment.

*Id.* (citing *United States v. Ross*, 33 F.3d 1507, 1520 (11th Cir. 1994)).

4. First, the Government cannot make the requisite showing that Mr. Beltrán Leyva was engaged in organized crime having any connection to Washington D.C. In *United States v. Mohammed*, 528 F.Supp.2d 281, 283 (D.D.C. 2008), the Government moved for an anonymous jury, arguing that the defendant was involved in organized crime - namely drug trafficking from Afghanistan. In denying the motion, the court distinguished Mr. Mohammed's situation from that involved in the Rayful Edmond case, which merited an anonymous jury on the grounds that the organization was a violent drug distribution network operating in Washington, D.C. The court noted "this distinction is critical, as the methodology adopted by the *Edmond* Court is designed to aid the determination of whether a jury needs protection, *not whether the defendant is associated with organized crime in the abstract.*" *Id.* (emphasis supplied). The Indictment charges Mr. Beltrán Leyva with offenses occurring primarily in Mexico.[1] He is charged here merely because this is where the Government has jurisdiction to charge him, not because he committed crimes against – or poses any particular threat to – the citizens of Washington, D.C.

5. The Government also cannot show that Mr. Beltran Leyva has participated in a group that has the capacity to harm jurors. While the Government has alleged that so-called Beltran Leyva's DTO has used violence in the course of narcotics trafficking, it has made no allegations that this violence has or will extend to witnesses, much less jurors. Again, in *Mohammed*, the court found that general allegations of an organization's violence (which in that case was the *Taliban*) are insufficient from which to infer a potential threat to jurors. *Id.* at 284.

6. With regard to the third factor, the Government has made no allegation that Mr. Beltran

---

[1] The government has also moved the Court to admit as Fed. R. Evid. 404(b) evidence other alleged acts that occurred in Mexico and elsewhere, not the United States and certainly not in the District of Columbia.

Leyva has previously interfered with the judicial process. Mr. Beltran Leyva concedes the fourth factor: that his faces a lengthy period of incarceration and substantial monetary penalties.

7. Finally, a simple Google search demonstrates that while there has been some media attention to this prosecution,[2] it is certainly not of a level that can suffice on its own to merit the seating of an anonymous jury. *See id.* at 285 (distinguishing case demonstrating need for anonymous jury on publicity grounds in terrorism case, where case arose in the immediate aftermath of the September 11th attacks).

8. In sum, the sole *Edmund* factor present in this case is the specter of substantial prison time and fines. This factor makes Mr. Betrán Leyva's case indistinguishable from any other narcotics conspiracy prosecution that has come before the Court and falls far short of justifying the extraordinary step of an anonymous jury.

**WHEREFORE**, Mr. Betran Leyva respectfully requests that this Court decline to empanel an anonymous jury.

Respectfully submitted,

/s/

**William B. Purpura**
8 E. Mulberry Street
Baltimore, Maryland 21202
Phone: (410) 727-8550
Email: wpurp@aol.com
DC Bar: MD00074

**A. Eduardo Balarezo**
BALAREZO LAW
400 Fifth Street, NW
Suite 300
Washington, DC  20001
Phone:  202-639-0999
E-mail:  filing@balarezolaw.com

Date: November 23, 2015

---

[2] In fact, most, if not all, of the publicity related to this case has been in Mexico. There are few, if any, mentions of this case in the local or regional media.

**CERTIFICATE OF SERVICE**

I hereby certify that Defendant's Motion to Reconsider use of Anonymous Jury was served upon the parties in this case via Electronic Case Filing on November 23, 2015.

/s/
_____
A. Eduardo Balarezo