

U.S. DEPARTMENT OF JUSTICE
U.S. EMBASSY
MEXICO CITY
DEC 1 1 2013
RECEIVED

SECRETARIA DE RELACIONES EXTERIORES

1

| INFORMACIÓN RESERVADA. | |
|---|---|
| Fecha de Clasificación: | 26 de noviembre de 2013 |
| Unidad Responsable: | Dirección de Asistencia Jurídica Internacional de la Dirección General de Asuntos Jurídicos |
| Periodo de Reserva: | 12 años |
| Fundamento Legal: | Artículos 13, fracción II de la Ley Federal de Transparencia y Acceso a la Información Pública Gubernamental. |
| Partes Clasificadas | TODO |

# ACUERDO

VISTA, para acordar, la solicitud de extradición internacional formulada al Gobierno de los Estados Unidos Mexicanos en contra de **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO"**, por el Gobierno de los Estados Unidos de América y, - - - - - - - - - - - - - - - - - - -

# RESULTANDO

**1.-** Que por nota diplomática 4206 del 14 de noviembre de 2012, el gobierno de los Estados Unidos de América, a través de su Embajada en México, presentó la solicitud de detención provisional con fines de extradición internacional de **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO"**, con fundamento en el artículo 11 del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, la cual fue remitida por esta Secretaría a la Procuraduría General de la República para que promoviera lo correspondiente ante la autoridad judicial federal, de conformidad con lo establecido en el artículo 17 de la Ley de Extradición Internacional.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

**2.-** Que por oficio SJAI/1787/2012 del 28 de noviembre de 2012, la Procuraduría General de la República, solicitó al Juez de Distrito de Procesos Penales Federales en turno en el Distrito Federal, decretara la detención provisional con fines de extradición internacional de **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO"**, misma que fue concedida y ordenada por la Juez Quinto de Distrito de Procesos Penales Federales en el Distrito Federal el 4 de diciembre de 2012, quien instruyó se conformara el expediente de extradición número 8/2012-II.- - -

**3.-** Que por auto de fecha 22 de diciembre de 2012, la Juez Quinto Distrito de Procesos Penales Federales en el Distrito



SECRETARIA DE RELACIONES EXTERIORES

55

Respecto a este documento, esta Secretaría considera que hace prueba plena, en términos de lo señalado por el artículo 280 del Código Federal de Procedimientos Penales, en virtud de que posee la calidad de documental pública conforme a lo previsto por el artículo 281 del Código adjetivo citado, en relación con el artículo 129 del Código Federal de Procedimientos Civiles, ya que forma parte de los elementos probatorios que hizo llegar el gobierno estadounidense como soporte de su petición, mismos que están debidamente autorizados con el sello oficial del Departamento de Estado, lo que se demuestra con la certificación que se puede apreciar a fojas 154 a 155 del expediente de extradición 8/2012-II. Por lo que hace a la legalización de estos documentos procedentes del extranjero, ésta fue expedida bajo la orden número WAS/261/13 por la Sección Consular de la Embajada de México con sede en la ciudad de Washington D.C., Estados Unidos de América, por haber sido certificados y autorizados los documentos remitidos en la solicitud de extradición, por funcionarios del Departamento de Estado de ese país y con este elemento se prueba plenamente la comparecencia y de la declaración de quien ha sido identificado como ALEJANDRO TASCON, en el marco de la investigación que realizaron las autoridades estadounidenses en contra del reclamado, por ser probable responsable de la comisión de los delitos de asociación delictuosa y contra la salud. - - - -

**14.-** La documental consistente en la fotografía del reclamado. De este elemento probatorio se desprenden datos que establecen su media filiación, prueba que tiene el carácter de indicio, de conformidad con lo señalado en el artículo 285 del Código Federal de Procedimientos Penales. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Por las razones de hecho y de derecho mencionadas con anterioridad esta Secretaría de Relaciones Exteriores considera que toda la documentación anteriormente descrita, tiene la fuerza legal para considerarla como auténtica, toda vez que cumple con los requisitos que establece el artículo 10, numerales 5 y 6 del tratado de



SECRETARIA DE RELACIONES EXTERIORES

extradición bilateral aplicable, ya que contiene el sello del Departamento de Estado y las firmas correspondientes. Asimismo, esas documentales fueron legalizadas por el funcionario autorizado por esta Secretaría de Relaciones Exteriores para atender los asuntos de los Estados Unidos Mexicanos en el lugar en que fueron expedidos, y fueron remitidas vía diplomática y traducidas al idioma español. Por otra parte, esta Secretaría considera que lo contenido en ellas es cierto y por lo tanto, suficientes para instruir un procedimiento penal en contra del requerido, ya que de ellas, una vez analizadas por esta Secretaría de Relaciones Exteriores en su conjunto y relacionadas entre sí, se desprenden indicios suficientes para acreditar este extremo, y cuentan con la suficiente fuerza legal conforme lo disponen los artículos 280, 281, 285, 288 y 289 del Código Federal de Procedimientos Penales, en concordancia con el artículo 10, numeral 3, inciso b) del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, únicamente respecto de **los hechos imputados por el Gobierno requirente acontecidos el 2 de septiembre de 2010,** consistentes en que en esa fecha las autoridades estadounidenses del orden público **decomisaron legalmente 33 paquetes cilíndricos envueltos en plástico, que contenían un total de aproximadamente 33 libras de metanfetamina y cuatro paquetes cuadrados envueltos en plástico que contenían aproximadamente cuatro kilogramos de cocaína,** además de un arma de fuego, municiones y parafernalia de drogas, en un almacén ubicado en Centralia, Washington, Estados Unidos de América; ello en relación a la asociación delictuosa imputada al reclamado en la que se encuentran involucrados también los señores FAUSTO ISIDRO FLORES MEZA, AGUSTÍN y SALOMÉ de apellidos FLORES APODACA, JOAQUIN BELTRÁN QUINTERO (fallecido), para realizar operaciones de tráfico de cocaína y metanfetamina hacia los Estados Unidos de América, para su posterior distribución en aquel país. Lo anterior, en virtud de que el Estado requirente no envió algún elemento de prueba en relación con las drogas de heroína y mariguana, por lo cual únicamente es procedente la extradición internacional del señor **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO",**



SECRETARIA DE RELACIONES EXTERIORES

57

para ser procesado en el cargo imputado por las sustancias de **cocaína** y **metanfetamina**.- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Esta Secretaría llega a la anterior determinación, en razón del enlace natural y lógico de los elementos de prueba que conforman la solicitud de extradición que nos ocupa, ya que se puede apreciar que es suficiente para conformar la prueba circunstancial perfecta, que deduce de la verdad conocida la que se busca, y que resulta apta para acreditar que el reclamado presuntamente cometió el ilícito por el que es solicitado por las autoridades de los Estados Unidos de América, de conformidad con el artículo 10 numeral 3 inciso b) del Tratado de Extradición entre los Estados Unidos Mexicanos y los Estados Unidos de América, toda vez que relacionadas entre sí y analizadas en su conjunto, desprenden datos suficientes que permiten arribar a la convicción de que **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO",** presuntamente se asoció para distribuir cocaína y metanfetamina en los Estados Unidos de América. - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Para acreditar lo anterior, el Estado Requirente acompañó la documental pública consistente en la declaración jurada de ANDREA GOLDBARG, Jefa Adjunta Auxiliar de la Dirección contra Narcóticos y Drogas Peligrosas, División Penal, del Departamento de Justicia de los Estados Unidos de América, ante Deborah A. Robinson del Tribunal de Distrito de los Estados Unidos de América en el Distrito para el Distrito de Columbia, en la que describe las conductas, los delitos y las leyes en las que se fundamento el Proceso número 1:12-CR-00184, presentado el 24 de agosto de 2012 ante la Corte Federal de Distrito para el Distrito de Columbia, Estados Unidos de América, en contra de **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO",** por ser probable responsable de la comisión de los delitos de asociación delictuosa y contra la salud. Asimismo, la citada Jefa Adjunta Auxiliar de la Dirección contra Narcóticos y Drogas Peligrosas estadounidense proporciona una relación de las pruebas con las que cuenta el gobierno estadounidense para probar los cargos en contra del ahora reclamado.- - - - - - - - - - - - - - - - - - - -



SECRETARIA DE RELACIONES EXTERIORES

ALFA, HÉCTOR BELTRÁN LEYVA alias EL H, ISMAEL ZAMBADA GARCÍA, alias EL MAYO ZAMBADA, JUAN JOSÉ ESPARRAGOZA MORENO, alias EL AZUL, quien tiene vínculos con el Cártel de Sinaloa y de Juárez, que para conseguir sus propósitos sobornaron autoridades de diversa índole (policíacas, civiles, militares, etc.), poseyeron y traficaron con narcóticos y en general, todos los actos que conllevan a la comisión de diversos delitos contra la salud (e incluso como se vio, custodian recursos derivados de tal empresa criminosa); que dicha organización delictiva, tenía las características de permanencia que opera principalmente en los estados de Baja California, Sinaloa, Nayarit y Colima; que bajo órdenes de los líderes de referencia, colaboran en diversas actividades relacionadas con el narcotráfico, como recibir cargamentos de droga procedentes de Colombia y en caso de extraviarse, coordinar su búsqueda y localización para ser recuperadas, custodiar su traslado a la frontera norte de la República mexicana para luego introducirla a los Estados Unidos de América, para su comercialización. ------------------------------------------

Con relación a lo antes transcrito, en la citada resolución de apelación de fecha 10 de junio de 2008, dictada en el toca penal 487/2008, formado con motivo del recurso de apelación interpuesto contra el auto de plazo constitucional de fecha 29 de enero de 2008, dictado dentro de la causa penal número 387/2012-VI-A, seguida ante el Juez Sexto de Distrito de Procesos Penales Federales en el Estado de Jalisco, en contra de **ALFREDO BELTRÁN LEYVA alias "MOCHOMO",** se le imputan conductas al reclamado respecto de una organización delictiva de la que se tiene conocimiento de los años 1996 a enero de 2008, fecha en la que fue detenido por autoridades mexicanas, en la que participó con su hermano ARTURO BELTRÁN LEYVA, alias EL BARBAS o EL BARBITAS, entre otras personas, por lo que esta Secretaría considera que sólo la primera parte de los hechos señalados por las autoridades estadounidenses en la presente solicitud de extradición presentada en contra de ALFREDO BELTRÁN LEYVA alias "MOCHOMO", hacen referencia a dicha organización delictiva al señalar lo siguiente: -------------------------------





SECRETARIA DE RELACIONES EXTERIORES

156

"Una investigación realizada por las autoridades de procuración de justicia estadounidense reveló que desde el año 2000 **ALFREDO BELTRÁN LEYVA** estuvo involucrado en la distribución e importación ilegal de drogas, las cuales eran transportadas desde Colombia para su distribución final en los Estados Unidos de América.

**ALFREDO BELTRÁN LEYVA**, hermano menor de Arturo Beltrán Leyva, fundador del Cártel de los Beltrán Leyva y quien hasta su muerte acontecida en el año 2009, fue uno de los narcotraficantes más prolíficos de México junto con su otro hermano Héctor Beltrán Leyva, trabajaba para la organización de sus hermanos.

En un principio, **ALFREDO BELTRÁN LEYVA** estuvo encargado de coordinar el desembarque de grandes cargamentos de cocaína provenientes de Colombia; posteriormente, fue ascendido y comenzó a trabajar como uno de los asistentes principales de Arturo Beltrán Leyva, y las funciones del reclamado consistían en vigilar el envío y distribución, con fines de venta, de miles de kilogramos de cocaína que eran introducidas a los Estados Unidos de América.

Por tal motivo, se considera que no es procedente la extradición del reclamado para ser procesado por haberse organizado delictuosamente del año 1996 al mes de enero de 2008, en la citada organización delictiva comandada por Joaquín Guzmán Loera, alias El Chapo Guzmán, Arturo Beltrán Leyva, alias El barbas o El barbitas o Alfa, Héctor Beltrán Leyva alias El H, Ismael Zambada García, alias El Mayo Zambada, Juan José Esparragoza Moreno, alias el Azul, quien tiene vínculos con el Cártel de Sinaloa y de Juárez, dedicada a recibir cargamentos de droga procedentes de Colombia y en caso de extraviarse, coordinar su búsqueda y localización para ser recuperadas, custodiar su traslado a la frontera norte de la República Mexicana para luego introducirla a los Estados Unidos de América, para su comercialización, en virtud de que ya está siendo procesado por su participación en dicha organización criminal por el periodo de tiempo indicado, dentro la causa penal número 387/2012-VI-A, que se sigue en su contra ante el Juez Sexto de Distrito de Procesos Penales Federales en el Estado de Jalisco. Lo anterior, tomando en cuenta que la Juez Quinto de Distrito de Procesos Penales Federales en el Distrito Federal consideró lo siguiente:

*Del estudio comparativo* de los *hechos* imputados a **ALFREDO BELTRÁN LEYVA alias "MOCHOMO"**, precisados en los apartados



SECRETARIA DE RELACIONES EXTERIORES

I) y II) que anteceden, se concluye que, **son los mismos**, pues de su lectura se advierten claramente las similitudes siguientes:

| Expediente de Extradición 8/2012 | Causa 387/2012-VI-A |
|---|---|
| 1. Desde el año dos mil a enero de dos mil ocho (Temporalidad esta última en que fue detenido el extraditable por los hechos de la causa penal 387/2012-VI-A del índice del Juzgado Sexto de Distrito en Materia Penal en el Estado de Jalisco). | 1. De mil novecientos noventa y seis al veintiuno de enero de dos mil ocho. |
| 2. Trabajó para la organización de sus hermanos Arturo y Héctor. | 2. Perteneció a la organización comandada entre otros, por sus hermanos Arturo y Héctor. |
| 3. Estuvo encargado de coordinar el desembarque de grandes cargamentos de cocaína provenientes de Colombia. | 3. Recibió cargamentos de droga (cocaína) procedentes de Colombia y en caso de extraviarse coordinaba su búsqueda y localización para ser recuperadas. |
| 4. Posteriormente comenzó a trabajar como uno de los asistentes principales de su hermano Arturo y sus funciones consistían en vigilar el envío y distribución con fines de venta de miles de kilogramos de cocaína que eran introducidas a los Estados Unidos de América. | 4. Custodiaba el traslado de la droga (cocaína) a la frontera norte de norte de la república mexicana para luego introducirla a los Estados Unidos de América, para su comercialización. |

Por lo que en concordancia con lo señalado en el Considerando VI de este Acuerdo, únicamente es procedente la extradición internacional del señor **ALFREDO BELTRÁN LEYVA, alias "MOCHOMO"**, para ser procesado ante la **Corte Federal de Distrito para el Distrito de Columbia, Washington, Estados Unidos de América,** dentro del Proceso número 1:12-CR-00184 (también referido con el número CR-12-184-01), presentado el 24 de agosto de 2012, acusado de: **(1)** en el cargo uno de asociación delictuosa para distribuir unas sustancias controladas; a saber: cinco kilogramos o más de **cocaína** y 50 gramos o más de **metanfetamina**, a sabiendas de que estas sustancias controladas iban a ser importadas ilegalmente a los Estados Unidos, en violación a lo dispuesto en las