UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES of AMERICA,      :
                                  :
   *v.*                            :
                                  :   Criminal No. 12-0184(RJL)
ALFREDO BELTRÁN LEYVA,      :
                                  :
     *Defendant.*          :

## DEFENDANT'S MOTION TO RECONSIDER
## MOTION TO ENFORCE RULE OF SPECIALTY OR,
## ALTERNATIVELY, TO LIMIT SCOPE OF CONSPIRACY

**DEFENDANT** Alfredo Beltrán Leyva ("Beltrán Leyva"), by and through undersigned counsel, respectfully moves this Honorable Court to reconsider its denial of his Motion to enforce the Rule of Specialty, or Alternatively, to Limit the Scope of the Charged Conspiracy. Additionally, were the Court to grant this Motion, Mr. Beltrán Leyva respectfully requests that the Court allow him to withdraw his guilty plea and proceed to trial. In support of this Motion, Mr. Beltrán Leyva states as follows:

### PROCEDURAL HISTORY

On August 24, 2012, the government filed an "bare bones" indictment charging Mr. Beltrán Leyva with one count of Conspiracy to Distribute 5 or more Kilograms of Cocaine, Fifty Grams or More of Methamphetamine, One Kilogram or More of Heroin and One Thousand Kilograms or More of Marihuana for Importation into the United States Knowing and Intending that said Substances Would be Imported Into the United States, in violation of 21 U.S.C. §§ 959, 960 and 963.[1] The indictment charges a conspiracy "from in or about 2000, and continuing thereafter, up to including" the filing date of the indictment. The indictment further alleges that

Mr. Beltrán Leyva conspired with "others known and unknown," in the countries of "Mexico, the United States, and elsewhere" to commit the charged offense.[2]  Beyond that boilerplate language, the indictment did not specify any particular activity by Mr. Beltrán Leyva that may be considered part of the conspiracy nor identified any other individuals who may be coconspirators.  The government's extradition request was premised on an investigation that began in 2009 and specifically offenses that took place in September 2010 in Washington State.  In fact, the government's affidavit in support of extradition specifically stated that the evidence presented "summarized the investigation of ALFREDO BELTRAN LEYVA's drug trafficking activities and the *evidence that resulted in the indictment of this case.*"  (Doc. 59, Exh. 1 at ¶ 23).

The government of Mexico extradited Mr. Beltrán Leyva to the United States on November 14, 2014.  Upon his arrival in the United States, Mr. Beltrán Leyva requested a speedy jury trial.  During the pre-trial period, Mr. Beltrán Leyva filed his initial Motion to Enforce Rule of Specialty or, Alternatively, to Limit Scope of Conspiracy.  (Docs. 59 & 62, dated June 19, 2015).  The government noted its opposition (Doc. 80, dated July 16, 2015) and Mr. Beltrán Leyva filed his reply (Docs. 84, dated July 21, 2015).  At a motions hearing held on December 16, 2015, the Court heard argument on the Motion and took the matter under advisement.  The government the filed a supplemental opposition (Doc. 139, dated January 20, 2016) and Mr. Beltrán Leyva replied (Doc. 141, dated January 20, 2016).  On January 21, 2016, the court granted in part and denied in part Mr. Beltrán Leyva's  Motion.  Mr. Beltrán Leyva entered a plea of guilty without a plea agreement shortly thereafter.

---

[1] The indictment also includes a forfeiture allegation.
[2] Based on the charge in the indictment, a judicial officer of this Court issued a warrant for Mr. Beltrán Leyva's arrest.  Mexican authorities had already detained Mr. Beltrán Leyva in 2008.

## BACKGROUND

The indictment filed against Mr. Beltrán Leyva charged him with participating in a conspiracy "from in or about 2000, and continuing thereafter, up to including" the filing date of the indictment (August 24, 2012).  Mr. Beltrán Leyva argued that trying him on a conspiracy beginning in 2000 would violate the Rule of Specialty for two reasons.  First, because the Mexican Ministry of Foreign Affairs ("MMFA") had reviewed the entire evidentiary record and determined that extradition was not appropriate for prosecution for a criminal conspiracy from 1996 to January 2008.  Second, because the MMFA had determined that the extradition was appropriate solely with regard to the acts alleged that took place on September 2, 2010, in Washington State.

The government countered, arguing that the MMFA had placed no limitation on the extradition except for rejecting heroin and marijuana related offenses.  The government based its argument on the last 3 pages of the entire 212-page MMFA Ruling, titled "RULES AS FOLLOWS"[3] which the government argued denied extradition for heroin and marijuana related offenses but did not specify any other limitation.

At the hearing on January 21, 2016, the Court finally ruled on the matter from the bench.  The Court recognized that the District of Columbia circuit had held that "under the rule of specialty, once extradited, a person can be prosecuted only for those charges in which he was extradited. …  Thus, the government may not prosecute defendant for any crimes explicitly ruled out by his extradition agreement."  (Exh. 1; Tr. 4:22 – 5:3).  The Court also explained that

---

[3] Exh. 2.

because the Ruling "was in Spanish, nor surprisingly, my interpretation of it relies heavily upon the interpretation of the parties in this case."  (*Id.* at 5:6 - 8).

The Court understood the defense argument as follows:

> defendant, nevertheless, maintains that this three-page summary is colored by the content of the preceding 211 pages; and, specifically, that the conspiracy charge should be limited to the time period, January 2008 to 2012; and to the narrow set of facts presented to the Mexican authorities, namely, the defendant's alleged conspiracy to import drugs to Washington and Arizona.

(*Id.* at 7:4-10).  The Court set forth the government's opposition as:

> The government argues that if the Mexican government intended to limit the time period for which the defendant could be prosecuted or the scope of the conspiracy, it would have done so explicitly in the final three pages of the extradition agreement, as it did for the limitation on prosecuting defendant for crimes related to marijuana and heroin trafficking.

> Moreover, the government explained in oral argument that the language defendant refers to on page 156 is merely a recital of the findings of the Trial Court that first heard the extradition request but whose recommendation is not final.

> The ultimate decision regarding extradition lies with the MMFA, whose final decision, the government contends, is fully set forth in the final three pages.

> The government also notes that the specific reference to the events on September 2, 2010, was not intended as a limitation on the charged conspiracy. Indeed, the U.S. presented the MMFA with evidence of a conspiracy from 2000 until the date of the indictment, and the MMFA considered all the profit evidence in its determination that extradition was warranted.

(*Id.* at 8:13 – 9:9).

The Court ruled in favor of the government and stated:

> Although the extradition agreement is admittedly not clear, I find that the government's position has merit.

> By expressly limiting the conspiracy to cocaine and methamphetamine in the final three pages of the extradition agreement, the Mexican government demonstrated that if it wanted to provide limitations in the extradition, it knew how to do so.

The absence of any temporal limitation in this section suggests to me that Mexico intended to extradite defendant for the period charged in the indictment; that is, 2000 to August 24, 2012.

Therefore, after considering the arguments on both sides, I will deny defendant's motion, insofar as it seeks to limit the prosecution in this case to a conspiracy during the time frame of January 2008 to August 24, 2012.[4]

(*Id.* at 9:10 – 9:24).

Mr. Beltrán Leyva's Motion to Enforce the Rule of Specialty or, Alternatively, to Limit the Scope of Conspiracy was a cornerstone of the defense of this case. Shortly after the Court's ruling and other intervening events, Mr. Beltrán Leyva entered a plea of guilty without the benefit of a plea agreement and is currently pending sentencing before this Court.

### ARGUMENT

Mr. Beltrán Leyva respectfully requests that this Honorable Court reconsider its denial of his Motion and accept the Affidavit of Mr. Beltrán Leyva's Mexican counsel, Juan Ramón Mondragón Solís, as well as professionally translated documents related to the Motion.

### A.   THE MMFA SPECIFICALLY REJECTED EXTRADITION FOR 1996 – 2008 RELATED OFFENSES BASED ON THE DOCTRINE OF *NON BIS IN IDEM*

The Doctrine of *Non Bis in Idem* provides protection against double jeopardy and is common in extradition treaties. *See Galanis v. Pallanck,* 568 F.2d 234, 238–39 (2nd Cir. 1977). *See also Restatement (Third) of the Foreign Relations Law of the United States* § 476 cmt. c (double jeopardy). The terms, definitions and interpretations of the meaning of double jeopardy vary from treaty to treaty. The court in *Sindona v. Grant,* 619 F.2d 167 (2d Cir. 1980),

---

[4] Mr. Beltrán Leyva argued that the conspiracy should be limited to the events of September 2010 and not to the period of January 2008 to August 24, 2012.

in discussing the history of *non bis in idem* limitations in extradition treaties, noted that "the

terms "same offense" and "same conduct" are subject to broad interpretive leeway. "Same

conduct" may range from "identical acts" to "multiple acts committed in more than one place

and at different times but related by the actor's initial design;" "same offenses" may range from

"identical charges" to "related ... but not included [offenses]." *Id.* at 177 (quoting Bassiouni,

*International Extradition and World Public Order* 452–59 (1974)).

   The Extradition Treaty Between the United States of American and Mexico,

contains such a provision, which states, "Extradition shall not be granted when the person sought

*has been prosecuted* or has been convicted and acquitted by the requested Party for the offense

for which extradition is requested."  (Exh. 3; Extradition Treaty Between the United States of

American and Mexico art. 6, May 4, 1978) (emphasis added).  Once the United States'

extradition request was received in Mexico, it was heard in case number 8/2012 before the Fifth

District Federal Court for Criminal Matters.  As the Court is aware, Mr. Beltrán Leyva also has a

criminal matter in Mexico (case number 387/2012-VI) pending before the Sixth District Federal

Court for Criminal Matters.

   Relevant to this Motion, the MMFA Ruling states:

> Accordingly, *this Secretariat finds that, just as was laid out in the above*
> *referenced Judicial Order of 10 June 2008, the existence of an organization of*
> *three or more individuals whose purpose was to commit drug trafficking crimes in*
> *an ongoing manner was corroborated*; [the organization] was led by JOAQUÍN
> GUZMÁN OERA, alias EL CHAPO GUZMÁN, ARTURO BELTRÁN LEYVA,
> alias EL BARBAS or EL BARBITAS or ALFA, HÉCTOR BELTRÁN LEYVA,
> alias EL H, ISMAEL ZAMBADA GARCÍA, alias EL MAYO ZAMBADA,
> JUAN JOSÉ ESPARRAGOZA MORENO, alias EL AZUL; [the organization]
> has ties to the Sinaloa and Juárez Cartels; in order to fulfill its objectives, [the
> members] bribed authorities from various fields (police, civilians, military, etc.);
> possessed and trafficked narcotics and, in general, [committed] those acts which
> led to the commission of various crimes against public health (and even, as was

seen, acted as the custodians of resources derived from said criminal enterprise); that said criminal organization exhibited characteristics of an ongoing/permanent nature in the states of Baja California, Sinaloa, Nayarit and Colima; that at the orders of the leadership referenced herein, [the organization] collaborated in various drug trafficking related activities, such as receiving drug shipments coming from Colombia and, in the case of losses, coordinating efforts to search for and locate them for recovery, safeguarding their passage to the northern border of the Mexican Republic so they might subsequently be brought into the United States of America and sold there.

As regards the foregoing, in the above referenced 10 June 2008 Ruling on Appeal against **ALFREDO BELTRÁN LEYVA alias** "**MOCHOMO**" - which appears in criminal record 487/2008 and was issued in response to the appeal filed regarding the 29 January 2008 constitutional deadline order handed down in criminal case number 387/2012-VI-A, which went before the Sixth District Judge for Federal Criminal Cases/Proceedings in the State of Jalisco - *the person being sought is charged with conduct related to a criminal organization about which there is information for the years 1996 to January 2008, the date of his apprehension by Mexican authorities*. [This is] an organization in which his brother, ARTURO BELTRÁN LEYVA, alias EL BARBAS or EL BARBITAS, participated, among other persons. *Consequently, this Secretariat finds that only the first part of the facts reported by United States authorities in the current request for extradition against ALFREDO BELTRÁN LEYVA alias "MOCHOMO," refer to said criminal organization*, indicating the following:

> An investigation conducted by United States law enforcement authorities revealed that as of the year 2000 **ALFREDO BELTRÁN LEYVA** was involved in the illegal distribution and importation of drugs, which were transported from Colombia for their final distribution in the United States of America.
>
> **ALFREDO BELTRÁN LEYVA**, the younger brother of Arturo Beltrán Leyva, the founder of the Beltrán Leyva Cartel who, until his death in the year 2009 was one of the most prolific drug traffickers in Mexico, along with his other brother, Héctor Beltrán Leyva, worked for his brothers' organization.
>
> At the beginning, **ALFREDO BELTRÁN LEYVA** was in charge of coordinating the unloading of large shipments of cocaine coming from Colombia; later, he was promoted and began to work as one of the main assistants to Arturo Beltrán Leyva, and the role of the person being sought [for extradition] consisted of safeguarding the shipment and distribution for sale of thousands of kilograms of cocaine that were introduced into the United States of America.

*Therefore, the necessary legal requirements have not been met for extradition of the person sought, to be prosecuted for criminal conspiracy from the year 1996 to the month of January 2008* in the referenced criminal organization led by Joaquín Guzmán Loera, alias El Chapo Guzmán, Arturo Beltrán Leyva, alias El barbas or El barbitas or Alfa, Héctor Beltrán Leyva alias El H, Ismael Zambada García, alias El Mayo Zambada, Juan José Esparragoza Moreno, alias el Azul, who has links to the Sinaloa and Juárez Cartel, [and organization] dedicated to receiving drug shipments from Colombian and, in the case of losses, coordinating efforts to search for and locate them for recovery, safeguarding their passage to the northern border of the Mexican Republic so they might subsequently be brought into the United States of America and sold there. [This is not considered appropriate] given that [the person sought] is already being prosecuted for his participation in said criminal organization for the time period indicated, under criminal case number 387/2012-VI-A, which continues against him before the Sixth District Judge for Federal Criminal Matters in the State of Jalisco*. The foregoing takes into account the following ruling by the Fifth District Judge for Federal Criminal Matters for the Federal District:* (underlined/italicized emphasis added)

> *A comparative analysis of the **facts** alleged against **ALFREDO BELTRÁN LEYVA alias "MOCHOMO,"** specifically in paragraphs I) and II) that appear above, concludes that **they are the same**, as the following similarities are clearly evident in a reading of the texts*:

| *Extradition file 8/2012* | *Case 387/2012-VI-A* |
|---|---|
| *1. From **the year two thousand to January of two thousand eight** (The latter referring to time period in which the extraditable individual was detained based on the facts set forth in criminal case 387/2012-VI-A, on the docket of the Sixth District Court for Federal Criminal Matters in the State of Jalisco.* | *1. From **nineteen hundred ninety-six to the twenty-first of January of two thousand eight.*** |
| *2.  Worked for the **organization of his brothers, Arturo and Héctor**.* | *2. Was a member of the **organization led by his brothers Arturo and Héctor, among others.*** |
| *3.  Was in charge of **coordinating** the* | *3. **Received** shipments of drugs* |

| | |
|---|---|
| *unloading of large **shipments of cocaine coming from Colombia**.* | ***(cocaine) coming from Colombia** and, in the case of lost shipments, coordinated efforts to search for and locate them so they could be recovered.* |
| *4. Later, he began to work as one of the main assistants to his brother Arturo and **his role was to safeguard the shipment and distribution for sale of thousands of kilograms of cocaine that were introduced into the United States of America**.* | ***4. Safeguarded the transfer of the drugs (cocaine) to the northern northern [sic] border of the Mexican Republic for their subsequent introduction into the United States of America** for sale there.* |

(Exh. 4 - MMFA Ruling at 156 - 157) (quoting Fifth Federal District Court) (emphasis in original) (excerpt of original in Spanish with English translation). In its ruling, the Fifth Federal District Court had also stated:

> *It is unquestionable that the person sought, ALFREDO BELTRÁN LEYVA, a.k.a. "MOCHOMO," is currently subject to criminal proceeding 387/2012-VI-A, before the Sixth Federal District Judge for Criminal Matters in the State of Jalisco, for the same events supporting the United States' request for his delivery to the U.S. Embassy. Thus **the extradition cannot be granted, because it is expressly prohibited under the aforementioned article 6 of the Extradition Treaty between the United Mexican States and the United States of America,** which states: "... **Extradition shall not be granted when the person sought has been prosecuted** or has been tried and convicted or acquitted **by the requested Party for the offense for which extradition is requested**."*
>
> *     **As a result of the above**, the principle of **"NON BIS IN IDEM" or "DOUBLE JEOPARDY" operates** in favor of the Mexican citizen ALFREDO BELTRÁN LEYVA a.k.a. "MOCHOMO," in this case. For which reason, it is this Court's legal opinion that **the EXTRADITION** of the person sought by the United States of America, for his prosecution pursuant to the Indictment filed against him, in case number 1:12-CR-00184, with the US Federal Court for the District of Columbia, in the city of Washington, United States of America, on August 24, 2012 --and on which basis the arrest warrant was issued--, **SHOULD NOT BE GRANTED**.*

(Exh. 5 - Mondragón Affid. at 5 – 6) (emphasis in original) (quoting ruling of Fifth District

Federal District Court). Thus, the Fifth Federal District Court determined that the doctrine of

*Non Bis in Idem* prohibited the extradition of Mr. Beltrán Leyva because he was already being

prosecuted in Mexico (before the Sixth Federal District Court) for the same offense for which

extradition is requested and the MMFA's Ruling accepted and incorporated the ruling by the

Fifth Federal District Court.

Although the Fifth Federal District Court's comparative analysis appears in the

MMFA's Ruling, it was far from a mere "recital of the findings of the Trial Court that first heard

the extradition request but whose recommendation is not final."  To the contrary, the MMFA

considered the ruling of the Fifth Federal District Court and similarly ruled:

> Therefore, pursuant to clause VI[5] of the *Conclusions of Law* section of this
> Ruling, *the international extradition of Mr.* **ALFREDO BELTRÁN LEYVA,**
> ***alias "MOCHOMO," is solely authorized for*** his prosecution in the Federal
> District Court for the District of Columbia, Washington, United States of America
> under Case number 1:12-CR-00184 (also referred to with number CR-12-184-01)
> file on 24 August 2012, in which he is accused: **(1)** in count one, of conspiracy to
> distribute controlled substances, to wit: five kilograms or more of **cocaine** and 50
> grams or more of **methamphetamines**, knowing that these controlled substances
> would be imported illegally to the United States, in violation of the provisions of
> Sections 963, 959 and 960 of Title 21 of the [Criminal] Code of the United States
> of America *because in the referenced Mexican criminal case the individual being*
> *sought is not being prosecuted for having conspired with Messrs(.) FAUSTO*
> *ISIDRO FLORES MEZA, AGUSTÍN y SALOMÉ [both with] last names FLORES*
> *APODACA, JOAQUÍN BELTRÁN QUINTERO (deceased), for the purposes of*
> *cocaine and methamphetamine drug trafficking operations to the United States*
> *and subsequent distribution in said country, that is, for* **the acts alleged by the**
> **requesting Government that occurred on 2 September 2010**, which reflect that
> on that date United States law enforcement authorities **legally seized 33 cylinder-**
> **shaped, plastic- wrapped packages that contained a total of approximately 33**
> **pounds of methamphetamines and four box-shaped, plastic- wrapped**
> **packages that contained approximately four kilograms of cocaine**, in addition
> to firearms, munitions and drug paraphernalia, in a warehouse located in
> Centralia, Washington, United States of America.

(Exh. 4 -  MMFA Ruling at 157 - 158) (bold emphasis in original; underlined/italicized emphasis

added). Thus, the MMFA's Ruling can only reasonably be understood to allow the extradition of

Mr. Beltrán Leyva for the acts alleged by the United States in the extradition request, which took

place on September 2, 2010, and involved cocaine and methamphetamine.  The MMFA ruled as

such because it considered the ruling of the Fifth Federal District Court's determination that

Mexico was already prosecuting Mr. Beltrán Leyva for offenses from 1996 to 2008 and his

prosecution in the United States for offenses prior to 2008 violated the Doctrine of *Non Bis in

Idem*.

      This reading of the MMFA's Ruling is further supported by its earlier finding

that:

> Due to the factual and legal grounds previously stated, this Secretariat of Foreign
> Affairs finds all aforementioned documentation described herein to meet the legal
> standard to be considered authentic insomuch as it complies with the requirements
> established in Article 10, number 5 and 6 of the applicable treaty on bilateral
> extradition and bears the seal of the Department of State and appropriate
> signatures. Furthermore, the Secretariat of Foreign Affairs official authorized to
> attend to matters of the United Mexican States at the office[s] issuing the
> document[s], certified that they were true copies of the originals, and they were
> sent via diplomatic channels and translated into the Spanish language.
> Additionally, *this Secretariat of Foreign Affairs considers their contents to be
> true and, consequently, sufficient to commence criminal proceedings against the
> person being sought.  The evidentiary materials, as analyzed by this Secretariat of
> Foreign Affairs, both in their interconnection and as a whole, are sufficient
> grounds to authorize said proceedings and meet the legal requirements* set forth
> in Articles 280, 281, 285, 288 and 289 of the Federal Code of Criminal
> Procedures, in accordance with Article 10, number 3, paragraph b) of the Treaty
> of Extradition between the United Mexican States and the United States of
> America, *solely with regard* to **the acts alleged by the requesting Government
> that occurred on 2 September 2010**, *which reflect that on that date United States
> law enforcement authorities* **legally seized 33 cylinder-shaped, plastic- wrapped
> packages that contained a total of approximately 33 pounds of
> methamphetamines and four box-shaped, plastic-wrapped packages that
> contained approximately four kilograms of cocaine**, in addition to firearms,

---

[5] CONSIDERANDO VI explained that "*it is not considered appropriate to extradite the person sought so that he
may be prosecuted for criminal conspiracy from the year 1996 to the month of January 2008.*

munitions and drug paraphernalia, in a warehouse located in Centralia, Washington, United States of America. This was related to the conspiracy with which the person sought was accused, along with Messrs. FAUSTO ISIDRO FLORES MEZA, AGUSTÍN y SALOMÉ [both with] last names FLORES APODACA, JOAQUÍN BELTRÁN QUINTERO (deceased), for the purposes of cocaine and methamphetamine drug trafficking operations to the United States and subsequent distribution in said country. Given the foregoing and the fact that the requesting State did not send any evidentiary material related to the drugs of heroine and marijuana, the international extradition of Mr. **ALFREDO BELTRÁN LEYVA**, **alias** "**MOCHOMO**," is authorized so that he may be prosecuted only as to the charges against him involving the substances of **cocaine** and **methamphetamines**.

*This Secretariat arrives at the abovementioned finding because of the natural and logical connection between the evidentiary materials that comprise the request for extradition at issue*, as said materials are sufficient to constitute the perfect circumstantial evidence, one that allows the truth being sought to be deduced from the truth that is known, and they are appropriate for substantiating the fact that the person being sought allegedly committed the crime for which the authorities of the United States of America are seeking his extradition, in accordance with Article 10, number 3, paragraph b) of the Treaty of Extradition between the United Mexican States and the United States of America, insomuch as, when analyzed as a whole and their relationship to each other, the evidentiary materials provide sufficient information to arrive at the conclusion that **ALFREDO BELTRÁN LEYVA**, **alias** "**MOCHOMO**," allegedly conspired to distribute cocaine and methamphetamines to the United States of America.

 (Exh. 4 -  MMFA Ruling at 55 - 57) (bold emphasis in original; underlined/italicized emphasis added).

### B.   THE MMFA RULING IS THE ENTIRE 212- PAGE DOCUMENT, NOT JUST THE LAST 3 PAGES

In his Affidavit, Mr. Beltrán Leyva's Mexican counsel, based on his experience and expertise, explains the foregoing limitation on Mr. Beltrán Leyva's extradition and further explains the structure of the MMFA's Ruling.  Attorney Mondragón Solís explains that the section of the Ruling titled "CONSIDERANDO" is "the most important part of any resolution, because in one or more bullet points the authority presents the legal arguments and grounds for granting and/or denying the extradition; that is, it is the basis for the entire resolution."  ((Exh. 5 - Mondragón Affid. at 6).  The last three pages, upon which the government and Court relied, are

not the "EXTRADITION ORDER." To the contrary, those three pages (ACUERDA) are merely a summary of the MMFA's entire Ruling and even incorporates the relevant CONSIDERANDO sections. (*Id*. at 7). The interpretation of that section submitted by Mr. Beltrán Leyva labels the last three pages as "RULES AS FOLLOWS or MAKES THE FOLLOWING DETERMINATION." (Exh. 2 - Ruling at 212).

In its ruling on Mr. Beltrán Leyva's initial Motion, the Court noted that

> By expressly limiting the conspiracy to cocaine and methamphetamine in the final three pages of the extradition agreement, the Mexican government demonstrated that if it wanted to provide limitations in the extradition, it knew how to do so.
>
> The absence of any temporal limitation in this section suggests to me that Mexico intended to extradite defendant for the period charged in the indictment; that is, 2000 to August 24, 2012.

(Exh. 1; Tr. 9:12 – 9:20). With all due deference to the Court, this ruling ignores the fact that the third paragraph in the "ACUERDA" section, which rejects extradition with respect to heroin and marijuana related offenses, specifically incorporates "CONSIDERANDO: Sections VI and X:

> **THIRD**. The formal international extradition request submitted by the government of the United States regarding the Mexican citizen **ALFREDO BELTRÁN LEYVA, a.k.a. "MOCHOMO**," is **not fully** compliant with the terms Extradition Treaty between the United Mexican States and the United States of America, *for the factual and legal arguments made under Whereas statements VI and X of the current Resolution, for which reason the Government of the United Mexican States* **DENIES** *the U.S. Government request for the international extradition of ALFREDO BELTRÁN LEYVA, a.k.a. "MOCHOMO,"* for his prosecution before the U.S. District Court for the District of Columbia, in the city of Washington, United States of America, in case number 1:12-CR-00184 (also identified as CR-12-184-01), filed on August 24, 2012, for the charges of (1) conspiracy to distribute controlled substances, to wit, one or more kilograms of **heroin**, and 1,000 kilograms or more of **marihuana**, knowing that these controlled substances would be illegally imported into the United States.

(Exh. 6) (emphasis added). Notably, CONSIDERANDO VI encompasses pages 11 – 72 of the MMFA Ruling and CONSIDERANDO X encompasses pages 104 – 212 of the same. Thus,

although the ACUERDA section (last three pages) does not specifically place a temporal limitation, it clearly incorporates the "factual and legal arguments" made in CONSIDERANDO VI and X.  Sections VI and X, as explained above, state that "it is not considered appropriate to extradite the person sought so that he may be prosecuted for criminal conspiracy from the year 1996 to the month of January 2008" and that extradition is appropriate "solely with regard to the acts alleged by the requesting Government that occurred on 2 September 2010, which reflect that on that date United States law enforcement authorities legally seized 33 cylinder-shaped, plastic-wrapped packages that contained a total of approximately 33 pounds of methamphetamines and four box-shaped, plastic-wrapped packages that contained approximately four kilograms of cocaine."

<u>**CONCLUSION**</u>

It is evident from the foregoing that the MMFA rejected extradition for offenses from 1996 to 2008 based on the Doctrine of *Non Bis in Idem* because the government of Mexico was already prosecuting Mr. Beltrán Leyva for identical offenses.  Additionally, the MMFA's Ruling, taken as whole and nots just as the last three pages of a 212 page document, is clear that Mr. Beltrán Leyva was extradited solely with regard to the acts alleged by the requesting Government that occurred on 2 September 2010.

A hearing on this Motion is requested.

**WHEREFORE**, for all the foregoing reasons and any that may become apparent to the Court, Mr. Beltrán Leyva respectfully requests that this motion be **GRANTED**.

Dated: Washington, DC
       November 14, 2016

Respectfully submitted,

**BALAREZO LAW**

          /s/

By: _____
     A. Eduardo Balarezo
     Bar No. 462659
     400 Seventh Street, N.W.
     Suite 306
     Washington, D.C. 20004
     (202) 639-0999 (tel)
     (202) 639-0899 (fax)
     filings@balarezolaw.com

     *Counsel for Alfredo Beltrán Leyva*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 14th day of November 2016, I caused a true and correct copy of the foregoing Defendant's Motion to Reconsider Motion to Enforce Rule of Specialty or, Alternatively, to Limit Scope of Conspiracy to be delivered via Electronic Case Filing to the Parties in this case.

         /s/

     _____
     A. Eduardo Balarezo