## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES of AMERICA,** | **:** | |
| | **:** | |
| *v.* | **:** | |
| | **:** | **Criminal No. 12-0184(RJL)** |
| **ALFREDO BELTRÁN LEYVA,** | **:** | |
| | **:** | |
| *Defendant.* | **:** | |

## MOTION TO WITHDRAW GUILTY PLEA

Defendant Alfredo Beltrán Leyva ("Beltrán Leyva"), by and through undersigned counsel, respectfully submits this Motion to Withdraw Guilty Plea and states as follows:

## BACKGROUND

Prior to the entry of Mr. Beltrán Leyva's guilty plea, Mr. Beltrán Leyva expressed a clear desire to have a trial and actively litigated various issues, including the application of the Rule of Specialty and the scope of the charges he faced. *See Docs.* 59, 62, 80, 84, 139, 141. Trial was scheduled for February 16, 2016. The week before trial, Mr. Beltrán Leyva unexpectedly informed counsel that he wished to plead guilty. As a result, the Court vacated the trial date. On February 23, 2016, Mr. Beltrán Leyva appeared before the Court and entered an unconditional guilty plea.

Mr. Beltrán Leyva now moves the Court to withdraw his guilty plea.

## ARGUMENT

A defendant may withdraw a plea of guilty after the Court accepts the plea, but before it imposes sentence if the defendant can show a fair and just reason for requesting the withdrawal. *See United States v. West*, 392 F.3d 450, 455 (D.C. Cir. 2004); *United States v.*

*Barker,* 514 F.2d 208, 219 (D.C. Cir.1975); Fed. R. Crim. P. 11(d)(2)(B).  Withdrawal is to be

liberally granted, but it is not a matter of right.  *See United States v. Shah*, 263 F. Supp. 2d 10, 20

(D.D.C. 2003), *aff'd and remanded*, 453 F.3d 520 (D.C. Cir. 2006) (citing *United States v. Ford,*

993 F.2d 249, 251 (D.C. Cir.1993).

The Court of Appeals considers "three factors in reviewing denials of motions to

withdraw: '(1) whether the defendant has asserted a viable claim of innocence; (2) whether the

delay between the guilty plea and the motion to withdraw has substantially prejudiced the

government's ability to prosecute the case; and (3) whether the guilty plea was somehow

tainted.'" *West,* 392 F.3d at 455.  The District Court has broad discretion is reviewing a motion

to withdraw a guilty plea.  *See, e.g., United States v. Hanson*, 339 F.3d 983 (D.C. Cir. 2003).


A.       **The Guilty Plea Was Tainted**

If a defendant's guilty plea is not equally voluntary and knowing, it has been

obtained in violation of due process and is therefore void.  Moreover, because a guilty plea is an

admission of all the elements of a formal criminal charge, it cannot be truly voluntary unless the

defendant possesses an understanding of the law in relation to the facts.  *See McCarthy v. United*

*States*, 394 U.S. 459, 466 (1969).  Mr. Beltrán Leyva's guilty plea was not knowing or voluntary

and should be voided.

**The Plea Was Not Knowing**

Rule 11(b) of the Federal Rules of Criminal Procedure sets forth the *procedure*

*that the Court must follow* in considering and accepting a guilty plea.  The Rule states:

(b) Considering and Accepting a Guilty or Nolo Contendere Plea.

2

(1) *Advising and Questioning the Defendant.* Before the court accepts a plea of guilty or nolo contendere, the defendant may be placed under oath, and the court must address the defendant personally in open court. During this address, *the court must inform the defendant of, and determine that the defendant understands, the following*:

(A) the government's right, in a prosecution for perjury or false statement, to use against the defendant any statement that the defendant gives under oath;

(B) the right to plead not guilty, or having already so pleaded, to persist in that plea;

(C) the right to a jury trial;

(D) the right to be represented by counsel—and if necessary have the court appoint counsel—at trial and at every other stage of the proceeding;

(E) the right at trial to confront and cross-examine adverse witnesses, to be protected from compelled self-incrimination, to testify and present evidence, and to compel the attendance of witnesses;

(F) the defendant's waiver of these trial rights if the court accepts a plea of guilty or nolo contendere;

(G) the nature of each charge to which the defendant is pleading;

(H) any maximum possible penalty, including imprisonment, fine, and term of supervised release;

(I) any mandatory minimum penalty;

(J) any applicable forfeiture;

(K) the court's authority to order restitution;

(L) the court's obligation to impose a special assessment;

(M) in determining a sentence, the court's obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a);

(N) the terms of any plea-agreement provision waiving the right to appeal or to collaterally attack the sentence; and

(O) that, if convicted, a defendant who is not a United States citizen may be removed from the United States, denied citizenship, and denied admission to the United States in the future.

Fed. R. Crim. P. 11(b)(1) (emphasis added).

During the plea colloquy held on February 23, 2016, the Court did not fully follow the procedures that the Rule states must be followed.  For example, the Court failed to inform Mr. Beltrán Leyva that he had the right to plead not guilty, or having already so pleaded, to persist in that plea; that the Court may order any applicable forfeiture;[1] that the court has the authority to order restitution; and that in determining a sentence, the court has an obligation to calculate the applicable sentencing-guideline range and to consider that range, possible departures under the Sentencing Guidelines, and other sentencing factors under 18 U.S.C. §3553(a).  *See generally* Plea Tr.  If the plea colloquy was not conducted in "substantial compliance" with Rule 11, the defendant should "almost always" be permitted to withdraw the plea.  *See Shah*, 263 F. Supp. 2d at 21 (citing *United States v. Ford,* 993 F.2d 249, 251 (D.C. Cir. 1993)).

But for the Court's failure to follow the mandate of Rule 11, Mr. Beltrán Leyva would not have pled guilty.  For example, the Court has ruled that Mr. Beltrán Leyva's unconditional plea operated as a waiver of his right to collaterally attack the indictment on Rule of Specialty grounds.[2] Doc. 225.  Although Mr. Beltrán Leyva pled guilty without a plea agreement, the Court failed to inform him that by pleading guilty he may be waiving the right to appeal or to collaterally attack the sentence.  Additionally, had the Court advised him that he did not have to plead guilty, Mr. Beltrán Leyva may have reconsidered notwithstanding the issues raised below.

---

[1] The government subsequently announced that it was seeking a forfeiture order in the amount of $10,000,000,000.00.  Doc. 182.

[2] In deciding to plead guilty, Mr. Beltrán Leyva also relied on counsel's advice, that based on counsel's understanding of the law, Mr. Beltrán Leyva would be able to appeal the Court's denial of his Motion to Enforce Rule of Specialty.

4

Without the Court conducting a proper Rule 11 inquiry, Mr. Beltrán Leyva did not have a full knowledge and understanding of his rights and any waiver of those rights prior to accepting guilt.

### The Plea Was Not Voluntary

Although Mr. Beltrán Leyva answered "no" when the Court inquired whether anyone had threatened or forced him to plead guilty, Plea Tr. at 13:17 – 21, Mr. Beltrán Leyva was in fact under severe duress because of a message he had received mere days prior to unexpectedly announcing that he wanted to plead guilty.  The message was that his family would be harmed if he went to trial.  Mr. Beltrán Leyva will submit under seal a declaration detailing the threats to his family.  It will be evident to the Court that Mr. Beltrán Leyva's plea was not voluntary upon review of the declaration.

**B.**    **Mr. Beltrán Leyva Asserts a Viable Claim of Innocence**

A defendant cannot satisfy the claim of legal innocence factor by a mere general denial, "he must affirmatively advance an objectively reasonable argument that he is innocent." *United States v. Cray*, 47 F.3d 1203, 1209 (D.C. Cir. 1995).  Here, Mr. Beltrán Leyva entered a guilty plea to the indictment charging him with engaging in a narcotics conspiracy from 2000 to 2012.  As argued in his various motions concerning the Rule of Specialty, Mr. Beltrán Leyva contends that Mexico authorized his extradition solely with respect to conduct for the time frame from January 28, 2008 to the date of the indictment and only for the offenses that took place in Washington State in September 2010.

With respect to this claim of innocence, Mr. Beltrán Leyva submits that during the plea colloquy with the Court, he was clear that his participation in the charged conspiracy

involved his conduct with this brother Arturo.  For example, when the Court inquired whether he participated in a conspiracy to import cocaine into the United States, Mr. Beltrán Leyva responded, "Yes, your honor.  I would help my brother, Artura.[sic]"  Plea Tr. 18:8.  When the Court inquired about the financing of shipments, Mr. Beltrán Leyva answered, "I would just help my brother, Artura[sic], sell it in Culiacan, with the knowledge that it would get to the United States."  *Id.* at 19:19.  Mr. Beltrán Leyva's brother, Arturo, was killed my Mexican Marines in December 2009.  Mr. Beltrán Leyva never accepted the government's factual proffer.  Therefore, Mr. Beltrán Leyva's acceptance of participation in a conspiracy prior to December 2009 cannot factually support a guilty plea of participating in a conspiracy from 2000 to 2012 and certainly not the September 2010 conduct for which he argues Mexico authorized extradition.

C.    **The Delay Has Not Substantially Prejudiced the Government's Ability to Prosecute the Case**

As the Court is aware, the overwhelming majority of the government's evidence against Mr. Beltrán Leyva consisted of the testimony of government cooperators and the testimony of a few law enforcement witnesses.  Upon information and belief, all the cooperators are still detained in the United States and would be available to be called as witnesses for the defense.  With respect to the law enforcement witnesses, if they are not available for some legitimate reason, Mr. Beltrán Leyva would be amenable to stipulating as to their testimony.  The defense also believes that the investigating agents in this case are still active and available to assist the prosecution.

**WHEREFORE**, for the foregoing reasons and any others that may become apparent to the Court, Defendant respectfully request that this motion be **GRANTED**.

Dated: Washington, DC
          February 9, 2017                     Respectfully submitted,

                                               **BALAREZO LAW**

                                                       /s/
                                   By:    _____
                                               A. Eduardo Balarezo
                                               D.C. Bar # 462659
                                               400 Seventh Street, NW
                                               Suite 306
                                               Washington, DC  20004
                                               Tel: (202) 639-0999
                                               Fax: (202) 639-0899
                                               E-mail: aeb@balarezolaw.com

                                               *Counsel for Defendant Alfredo Beltrán Leyva*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on this 9th day of February 2017, I caused a true and correct copy of the foregoing Defendant's Motion to Withdraw Guilty Plea to be served upon the Parties via Electronic Case Filing.

/s/
_____
A. Eduardo Balarezo